Rob Bonta
Attorney General of California
Neli Palma
Senior Assistant Attorney General
Kathleen Boergers
Supervising Deputy Attorney General
Maria F. Buxton
Katherine Milton
Kevin G. Reyes
Stephanie T. Yu
Anna Rich
Deputy Attorneys General
State Bar No. 230195
  1515 Clay Street Suite 2000, P.O. Box 70550
  Oakland, CA 94612-0550
  Telephone: (510) 879-0296
  E-mail: Anna.Rich@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **State of California; State of Arizona; State of Colorado; State of Connecticut; State of Delaware; State of Hawaii; State of Illinois; State of Maine; State of Maryland; Commonwealth of Massachusetts; State of Michigan; State of Minnesota; State of Nevada; State of New Jersey; State of New Mexico; State of New York; State of Oregon; State of Rhode Island; State of Vermont; State of Washington,**<br><br>                                      Plaintiffs,<br><br>v.<br><br>**U.S. Department of Health and Human Services; Robert F. Kennedy, Jr.,** in his official capacity as Secretary of the U.S. Department of Health and Human Services**; U.S. Department of Homeland Security; Kristi Noem,** in her official capacity as Secretary of Homeland Security**,**<br><br>                                      Defendants. | 3:25-cv-05536-VC<br><br>**DECLARATION OF KATHLEEN BOERGERS IN SUPPORT OF PLAINTIFFS' MOTION TO EXCEED PAGE LIMITATION FOR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:      Hon. Vince Chhabria<br>Trial Date:  Not set<br>Action Filed:  July 1, 2025 |

I, Kathleen Boergers, declare under penalty of perjury that the following is true and correct:

1. I am an attorney licensed to practice law in the State of California and am admitted to practice before this Court. I am a Supervising Deputy Attorney General in the California Office of the Attorney General and counsel to Plaintiff the State of California. I make this declaration in support of Plaintiffs' Motion to Exceed Page Limitation for Motion for Preliminary Injunction.

2. I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

3. As explained in the accompanying motion papers, Plaintiffs are seeking to enlarge the page limits for the memorandum of points and authorities in support of their motion for preliminary injunction.

4. Plaintiffs are moving for a preliminary injunction that would (1) prohibit Defendants from transferring the States' Medicaid data files containing personally identifiable, protected health information to the Department of Homeland Security (DHS), DOGE, or any other federal agency; (2) prohibit Defendants from using such data for purposes of immigration enforcement, population surveillance, or other similar purposes; and (3) provide any additional preliminary relief that the Court deems proper and the interests of justice may require.

5. Plaintiffs are moving for this relief on the grounds that the Centers for Medicare and Medicaid Services's (CMS) transfer of certain of the States' confidential Medicaid data to DHS, apparently for use in immigration enforcement activities, is unlawful under the U.S. Constitution's Spending Clause and the Administrative Procedure Act. According to news reports, Defendants have taken the position that their data transfer was lawful.

***Reasons the Requested Enlarged Page Limit is Needed:***

6. Plaintiffs seek to enlarge the page limit for their memorandum of points and authorities in support of their motion for a preliminary injunction for multiple reasons. First,

there are twenty states as Plaintiffs in this matter. This significantly complicates the factual background of this case.

7. Second, the actions of Defendants implicate a wide array of legal issues, including the Spending Clause, Administrative Procedure Act, and the Social Security Act, as well as various federal regulations. Additionally, Medicaid itself is "incredibly complicated," involving a "vast statutory scheme." *California v. Azar*, 501 F.Supp.3d 830, 833 (N.D. Cal. 2020). The manner in which Medicaid "operates depends on the state, and on the particular services provided." *Id.* The complexity of the issues at hand require additional briefing.

8. Third, the irreparable harm that each of the Plaintiff States face is distinct. This is because Defendants have already transferred and disclosed the personal information of residents of some of the Plaintiff States, but not of others. And some of the Plaintiff States have been asked by CMS to submit large productions of confidential Medicaid data for ongoing program reviews; these Plaintiff States reasonably fear that their confidential Medicaid data will be unlawfully shared by CMS with DHS if this Court does not intervene before that data submission.

9. In tandem, all of these circumstances necessitate additional explanation in the memorandum.

***Efforts to Obtain a Stipulation to an Enlarged Page Limit:***

10. For the above reasons, Plaintiffs are seeking to enlarge the page limit for their memorandum of points and authorities in support of their motion for a preliminary injunction to 25 pages.

11. On July 9, 2025, Plaintiffs' counsel contacted the U.S. Department of Justice (US DOJ) via email to request a meet and confer with attorneys for Defendants about these issues.

12. On July 10, 2025, after obtaining the correct attorney contact from US DOJ counsel in this matter, Plaintiffs' counsel proposed their requested enlarged page limit to Defendants.

13. On July 11, 2025, I spoke on the telephone with Michael Gerardi, Senior Trial

Counsel in the Federal Programs Branch of the US DOJ. On this telephone call, Mr. Gerardi represented that he did not oppose the motion. I conveyed to him that Plaintiffs would not oppose a similar motion should Defendants also seek to expand the page limitions by ten pages, given the complexity of the matter.

14. Plaintiffs have met and conferred with Defendants' counsel in good faith and reached an agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 11, 2025 at Oakland, California.

*s/ Kathleen Boergers*
Kathleen Boergers