IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| State of California, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. Department of Health and Human Services, et al., <br><br> Defendants. | 3:25-cv-05536-VC <br><br> **Declaration of Mark Ladov In Support of Plaintiffs' Motion To Shorten Time** |

I, Mark Ladov, declare under penalty of perjury that the following is true and correct:

    1.    I am an attorney licensed to practice law in the State of New York, and admitted *pro hac vice* in this litigation. I am Special Counsel in the Office of the New York State Attorney General, and counsel to Plaintiff the State of New York. I make this declaration in support of Plaintiffs' Motion to Shorten Time.

    2.    I am over the age of 18 and have personal knowledge of all the facts stated herein, except to those matters stated upon information and belief; as to those matters, I believe them to be true. If called as a witness, I could and would testify competently to the matters set forth below.

    3.    As explained in the accompanying motion papers, Plaintiffs are seeking to expedite briefing and a hearing on their motion for a preliminary injunction.

**Brief Summary of the Underlying Motion:**

    4.    Plaintiffs are moving for a preliminary injunction that would (1) prohibit Defendants from transferring the States' Medicaid data files containing personally identifiable,

1

protected health information to DHS, DOGE, or any other federal agency; (2) prohibit Defendants from using such data for purposes of immigration enforcement, population surveillance, or other similar purposes; and (3) provide any additional preliminary relief that the Court deems proper and the interests of justice may require.

5.  Plaintiffs are moving for this relief on the grounds that CMS's prior transfer of the States' confidential Medicaid data to DHS, apparently for use in immigration enforcement activities, is unlawful under the U.S. Constitution's Spending Clause and the Administrative Procedure Act. According to news reports, Defendants have taken the position that their data transfer was permitted under federal law.

***Reasons the Requested Shortening of Time is Needed to Prevent Substantial Harms:***

6.  Plaintiffs seek an expedited hearing on this motion for multiple reasons. First, Defendant Centers for Medicare and Medicaid Services (CMS) has instructed agencies in four of the Plaintiff States to submit extensive confidential Medicaid data with a deadline of July 30. *See, e.g.,* Bassiri Decl. ¶ 19. Upon information and belief, CMS's pending data request is similar or identical to one that was previously demanded from California, Illinois, Washington and the District of Columbia. Upon information and belief, those jurisdictions' data were then transferred by CMS to the Department of Homeland Security (DHS), apparently for use in immigration enforcement activities.

7.  The Plaintiff States with pending CMS data requests reasonably fear that their confidential Medicaid data will also be unlawfully shared with DHS if this Court does not intervene before that submission—or unless Defendants agree to cease their unlawful practices voluntarily. *See* Bassiri Decl. ¶¶ 21-23. These Plaintiffs will be substantially harmed if they are

required to submit confidential Medicaid data to CMS without guardrails imposed to protect against the misuse of that data.

8. In addition to this pending July 30 deadline, all the Plaintiff States are required to provide monthly data transfers to CMS through the Transformed Medicaid Statistical Information System (T-MSIS). Plaintiffs reasonably fear that this data is also at risk of being transferred to DHS unlawfully absent a Court order, and for that reason also seek to expedite the hearing of this motion.

9. Furthermore, California and other states that have already had their data shared with DHS are seeking to halt improper uses of that information as soon as possible. Defendants have acknowledged this data transfer to the press. As explained in the Complaint, DHS does not have a lawful right to use this data for immigration enforcement, as Plaintiffs reasonably believe is happening. Every day that this unlawful conduct is permitted to stand creates further risk that the confidential Medicaid data of California and other states will be unlawfully used by DHS and ICE to surveil and target Medicaid users in the Plaintiff States against the States' wishes.

10. Finally, Plaintiffs have been told that immigrants residing in their states may be afraid to enroll in Medicaid or use legally available Medicaid services because they fear that doing so will leave them vulnerable to DHS's aggressive policing tactics. *See, e.g.,* Mendoza Decl. ¶¶ 11-16. This chilling effect on individuals' legal use of Medicaid services is harming States for the reasons explained in the attached motion. Therefore, Plaintiffs seek injunctive relief to put an end to their residents' well-founded fears—and to stem the substantial harm resulting to the States themselves—as quickly as possible.

***Plaintiffs Efforts to Obtain a Stipulation to the Time Change:***

11. For the above reasons, Plaintiffs are seeking a hearing on their preliminary injunction request on July 31.

12. Plaintiffs believe the July 31 hearing date will provide sufficient time to the parties to brief this motion fully, while permitting the Court to rule on the pending motion as close as possible to the July 30 deadline set by CMS. In the alternative, Plaintiffs have proposed that they could agree to a later hearing date, if in return CMS agreed to extend its deadline for submission of data by the Plaintiff States in response to pending quarterly data review requests until after the Court has ruled on Plaintiffs' motion for a preliminary injunction.

13. On July 9, 2025, Plaintiffs' counsel contacted the U.S. Department of Justice (US DOJ) to request a meet and confer with attorneys for Defendants about these scheduling issues. After hearing back on July 10, 2025, from Michael Gerardi, US DOJ counsel in this matter, the parties met and conferred by email and phone to discuss Plaintiffs' proposed schedule and the reasons for Plaintiffs' proposed motion to shorten the hearing time.

14. Parties' counsel continued to meet and confer by email and phone on July 11, 2025, in good faith but were not able to reach a scheduling agreement including the requested assurances from CMS prior to the close of business on that date.

15. At the close of business on July 11, 2025, the parties agreed to include a statement from Defendants' counsel reflecting that the parties are continuing to seek agreement on a proposed schedule pending Defendants' client approvals of Plaintiffs' requests, but that if no agreement is reached, Defendants state that they take no position on Plaintiffs motion.

16. There have been no previous time modifications in this case, whether by stipulation or Court order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 11, 2025, at New York, NY.

*/s/ Mark Ladov*

Mark Ladov
