ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
KATHLEEN BOERGERS
Supervising Deputy Attorney General
WILLIAM BELLAMY
MARIA F. BUXTON
KEVIN G. REYES
ANNA RICH
STEPHANIE T. YU
KATHERINE MILTON (State Bar No. 284803)
Deputy Attorneys General
  455 Golden Gate Avenue, #11000
  San Francisco, CA 94102-7004
  Telephone: (415) 229-0118
  E-mail: Katherine.milton@doj.ca.gov
*Attorneys for Plaintiff State of California*
*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR EX REL. ANDY BESHEAR,** in his official capacity as Governor of the Commonwealth of Kentucky**; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,**<br>                                Plaintiffs,<br>    v.<br>**U.S. DEP'T OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY JR.,** in his official capacity as Secretary of Health and Human Services; **U.S. DEP'T OF HOMELAND SECURITY; KRISTI NOEM**, in her official capacity as Secretary of Homeland Security,<br>                                Defendants. | Case No. 3:25-cv-05536-VC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AMENDED PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:      September 23, 2025<br>Time:     2:00 p.m.<br>Dept:      Courtroom 4<br>Judge:     Hon. Vince Chhabria<br>Trial Date:  Not set<br>Action Filed: July 1, 2025 |

## NOTICE OF MOTION AND MOTION FOR AMENDED PRELIMINARY INJUNCTION

**PLEASE TAKE NOTICE** that on September 23, 2025 at 2:00 p.m., Plaintiffs the States of Arizona, California, Colorado, Connecticut, Delaware, Hawaiʻi, Illinois, Maine, Maryland, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington, Wisconsin, the Commonwealth of Massachusetts, and the Office of the Governor *ex. rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky (collectively, "Plaintiffs" or "the States") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7-2 for an expanded preliminary injunction against Defendants U.S. Department of Health and Human Services ("HHS"); Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS; U.S. Department of Homeland Security ("DHS"); and Kristi Noem, in her official capacity as Secretary of DHS; and their officers, agents, servants, employees, and any other persons who are in active concert or participation with them, prohibiting them from using Medicaid data obtained from the Commonwealth of Kentucky, as represented in this case by the Office of the Governor ex. rel. Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky ("Kentucky") and the State of Wisconsin ("Wisconsin") for immigration enforcement purposes, including data already acquired from the Centers for Medicare and Medicaid Services ("CMS").

This motion is based on this notice, the Amended Complaint for Declaratory and Injunctive Relief (ECF No. 108); the accompanying Memorandum of Points and Authorities; the supporting declarations; this Court's file; and any matters properly before the Court.

1

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### INTRODUCTION

Kentucky and Wisconsin joined this lawsuit after the Associated Press ("AP") reported that Defendant DHS was accessing their residents' Medicaid data to locate them for deportation, among other things. Kentucky and Wisconsin are likely to suffer irreparable harm as a result of Defendants' actions. There is no basis for excluding them from the existing preliminary injunction. Any perceived delay in seeking relief was motivated by judicial efficiency rather than gamesmanship and does not alter the Court's equitable determination that a preliminary injunction enjoining DHS from using the States' Medicaid data for immigration enforcement purposes is warranted.

### FACTUAL BACKGROUND

Kentucky and Wisconsin are similarly situated to the original Plaintiffs. *Compare* ECF No. 1 ¶¶ 91-200 *with* Declarations of Debra Standridge and Lisa Lee. Kentucky and Wisconsin partner with the federal government to provide healthcare to their low-income and disabled residents who qualify for Medicaid assistance. Declaration of Debra Standridge ("Standridge Decl."), ¶¶ 3-6; Declaration of Lisa Lee ("Lee Decl."), ¶¶ 3-7. Kentucky and Wisconsin routinely share data with CMS to administer their Medicaid programs. Standridge Decl., ¶¶ 9-14; Lee Decl., ¶¶ 8-9. They have relied on longstanding federal regulations and policies ensuring the privacy of this data. Standridge Decl., ¶¶ 15-16; Lee Decl., ¶ 11. Kentucky and Wisconsin have assured their residents of the confidentiality of their Medicaid data. Standridge Decl., ¶¶ 17-19, 28; Lee Decl., ¶ 12.

On June 13, 2025, the AP published an article detailing how CMS transferred personally identifiable data from some of the original Plaintiff States to DHS. *See* ECF No. 43-6. Original Plaintiffs filed this lawsuit on July 1, 2025, *see* ECF No. 1, and moved for a preliminary injunction on July 11, 2025, *see* ECF No. 43. On July 17, 2025, while the motion for a preliminary injunction was pending, the AP reported that CMS had entered into an agreement with DHS that would give Immigration and Customs Enforcement ("ICE") officials the ability to

2

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

access Medicaid data specifically for the purpose of locating immigrants throughout the country. *See* Kimberly Kindy & Amanda Seitz, *Trump Administration Hands Over Medicaid Recipients' Personal Data, Including Addresses, to ICE*, AP NEWS (July 17, 2025), https://apnews.com/article/immigration-medicaid-trump-ice-ab9c2267ce596089410387bfcb40eeb7; *see also*, Standridge Decl., ¶ 20; Lee Decl., ¶ 21. This agreement was made publicly available when it was filed by Defendants in their opposition to the motion for a preliminary injunction on July 25, 2025. *See* ECF No. 83-3. Kentucky and Wisconsin inquired about joining this case in response to those revelations, while the original motion for a preliminary injunction was still pending. Declaration of Anna Rich ("Rich Decl."), ¶ 4.

The Court issued a preliminary injunction on August 12, 2025, enjoining DHS from using Medicaid data obtained from the plaintiff states for immigration enforcement purposes. This includes data already acquired from CMS. ECF No. 98 at 4.

On August 27, 2025, Plaintiffs informed Defendants of Wisconsin and Kentucky's intent to join the lawsuit, and asked whether Defendants would be willing to stipulate to an expansion of the preliminary injunction. Rich Decl., ¶ 6. On August 28, 2025, Plaintiffs filed an amended complaint adding Kentucky and Wisconsin as Plaintiffs. ECF No. 108. Other than the addition of Kentucky and Wisconsin, the amended complaint raises no new allegations or legal issues. Defendants declined to stipulate to an expanded preliminary injunction on August 29, 2025. Rich Decl., ¶ 7. Pursuant to the Court's scheduling order, ECF No. 110, Plaintiffs now move to expand the preliminary injunction to include Kentucky and Wisconsin.

Plaintiffs incorporate by reference their July 11, 2025 motion for a preliminary injunction, ECF No. 42-2, including all applicable evidence, legal standard, and argument, and this Court's order granting in part that motion for a preliminary injunction. *See* ECF No. 98 (PI Order).

3

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

# ARGUMENT

**I.  KENTUCKY AND WISCONSIN WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION.**

Like original Plaintiffs, Kentucky and Wisconsin face significant, irreparable harms caused by Defendants' conduct—including, but not limited to, "the way that agencies implemented this change in longstanding policy," *see* PI Order at 4—that impacts their budgets, public health, and ability to administer their Medicaid programs.

Wisconsin's Medicaid agency is the largest purchaser of healthcare in Wisconsin. Standridge Decl., ¶ 5.  More than one out of every three births in Wisconsin is funded by Medicaid.  *Id.*  As news of CMS's disclosure became public, Wisconsin's Medicaid agencies have fielded inquiries from applicants, members, community-based advocates, and providers with concerns that the disclosure will affect members' willingness to stay enrolled in its programs.  Standridge Decl., ¶ 21.

Kentucky has over 1.4 million residents enrolled in Medicaid, over 600,000 of which are children.  Lee Decl., ¶ 4.  Kentucky's Medicaid agency has also received calls from advocacy groups and civil-rights organizations concerned about the release of Medicaid data.  Lee Decl., ¶ 14.

Kentucky and Wisconsin pursued relief diligently and promptly.  Neither State was named in the original June AP article about CMS's disclosure of state Medicaid data.  *See* Kimberly Kindy & Amanda Seitz, *Trump Administration Gives Personal Data of Immigrant Medicaid Enrollees to Deportation Officials,* AP NEWS (June 14, 2025), https://apnews.com/article/medicaid-deportation-immigrants-trump-4e0f979e4290a4d10a067da0acca8e22?utm_source=copy&utm_medium=share; Lee Decl., ¶¶ 13, 14 (noting that Kentucky did not believe its data had been disclosed at time of the initial filing of this lawsuit).  Kentucky and Wisconsin first became aware of the threat to their residents' data when the AP published its article detailing the agreement giving DHS direct access to CMS data on July 17, 2025, reporting that was only confirmed in Defendants' July 28 Opposition. Standridge Decl., ¶ 20; Lee Decl., ¶ 21.  This motion for an amended preliminary injunction

4

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

promptly follows the news of the disclosure of their data.  Kentucky and Wisconsin did not sleep on their rights, nor did they lie in wait for a favorable result on the motion for a preliminary injunction before pursing action.  Rich Decl., ¶¶ 4-7.  Any delay is but a single factor and courts are "loath to withhold relief solely on that ground." *Arc of California v. Douglas*, 757 F.3d 975, 990–91 (9th Cir. 2014) (internal quotations omitted); *see also id*. at 991 ("[W]aiting to file for preliminary relief until a credible case for irreparable harm can be made is prudent rather than dilatory. The significance of such a prudent delay in determining irreparable harm may become so small as to disappear.").

Kentucky and Wisconsin have made the same showing of likelihood of irreparable harm as the other Plaintiff States and any purported delay is not probative in light of the substantial threatened injuries.  *See id*. at 990-91; *see also Doe v. Horne*, 115 F.4th 1083, 1111 (9th Cir. 2024) (seven-month time period between law taking effect and motion for preliminary injunction was not a long delay in context and, even if it were, would only be a single factor to consider in evaluating irreparable injury).  The chilling effect of the data disclosure will result in harm to the states resulting from individuals in Kentucky and Wisconsin forgoing benefits or disenrolling from programs for which they are eligible.  Standridge Decl., ¶ 23; Lee Decl., ¶ 15.  The chilling effect will also result in residents foregoing medical care.  Standridge Decl., ¶¶ 23-26; Lee Decl., ¶¶ 15-19.  This harm is not speculative.  Over the last several months, there has been a significant uptick of members disenrolling from benefit programs in Wisconsin, even though they remain eligible, because of fears around family separation and deportation if their data is shared.  Standridge Decl., ¶ 27.  As a result, previously covered treatment may be left uncompensated, shifting the cost to the state.  *Id*., ¶ 25.  In Kentucky, a similar result appears likely.  Lee Decl., ¶ 22.  Deferrals in seeking necessary healthcare can result in late-stage disease detection, unintended pregnancy, adverse health effects during pregnancy and childbirth, overdose, and increased morbidity and mortality for late-stage disease. Increased rates of premature births, low birth weight infants, and congenital defects.  Standridge Decl., ¶ 24; Lee Decl., ¶ 16.  These adverse health impacts further strain scarce state resources and negatively

5

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

impact budgeting assumptions underlying state Medicaid programs.  Lee Decl., ¶ 17; *see also* Standridge Decl., ¶ 26.  The disclosure has likely already caused significant harm to operating an effective and efficient healthcare system and will cause further irreparable harm if not mitigated and repaired by an injunction.  Standridge Decl., ¶ 28-29; Lee Decl., ¶ 22-23.  Kentucky and Wisconsin have shown that they will suffer irreparable harm absent an amended preliminary injunction.

## II. THE BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST FAVOR A PRELIMINARY INJUNCTION

For the same reasons stated in original Plaintiffs' initial preliminary injunction briefing, *see* ECF. No. 42-2 at pp. 24-25, and as found by the Court in its decision granting that injunction, *see* ECF No. 98 at 4, the balance of the equities and the public interest favor an expanded preliminary injunction.

## CONCLUSION

The Court should grant Plaintiffs' motion and issue an amended preliminary injunction as requested in the motion.

Dated:  September 4, 2025

Respectfully submitted,

LETITIA JAMES
Attorney General for the State of New York
MARK LADOV*
Special Counsel
RABIA MUQADDAM*
Chief Counsel for Federal Initiatives
ZOE LEVINE*
Special Counsel for Immigrant Justice
NATASHA KORGAONKAR*
Special Counsel
28 Liberty St. New York, NY 10005
mark.ladov@ag.ny.gov
*Attorneys for the State of New York*
*Admitted pro hac vice

ROB BONTA
Attorney General for the State of California
NELI PALMA
Senior Assistant Attorney General
KATHLEEN BOERGERS
Supervising Deputy Attorney General
WILLIAM BELLAMY
MARIA F. BUXTON
KEVIN G. REYES
ANNA RICH
STEPHANIE T. YU

/s/ Katherine Milton
KATHERINE MILTON
Deputy Attorneys General
*Attorneys for the State of California*

6

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

*Additional Counsel*

| | |
|---|---|
| KRISTIN K. MAYES<br>Attorney General for the State of Arizona<br>ALEXA G. SALAS*<br>Assistant Attorney General<br>2005 North Central Avenue<br>Phoenix, Arizona 85004<br>Alexa.Salas@azag.gov<br>ACL@azag.gov<br>*Attorneys for the State of Arizona*<br>*Admitted pro hac vice | PHILIP J. WEISER<br>Attorney General for the State of Colorado<br>RYAN LORCH*<br>Senior Assistant Attorney General<br>SAM WOLTER*<br>Assistant Attorney General<br>1300 Broadway, #10<br>Denver, CO 80203<br>Ryan.lorch@coag.gov<br>samuel.wolter@coag.gov<br>*Attorneys for the State of Colorado*<br>*Admitted pro hac vice |
| WILLIAM TONG<br>Attorney General of Connecticut<br>JANELLE MEDEIROS*<br>Special Counsel for Civil Rights<br>165 Capitol Ave<br>Hartford, CT 06106<br>Janelle.Medeiros@ct.gov<br>*Attorneys for the State of Connecticut*<br>*Admitted pro hac vice | KATHLEEN JENNINGS<br>Attorney General for the State of Delaware<br>IAN R. LISTON<br>Director of Impact Litigation<br>JENNIFER KATE AARONSON<br>VANESSA L. KASSAB*<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street<br>Wilmington, DE 19801<br>vanessa.kassab@delaware.gov<br>*Attorneys for the State of Delaware*<br>*Admitted pro hac vice |
| ANNE E. LOPEZ<br>Attorney General for the State of Hawaiʻi<br>KALIKOʻONĀLANI D. FERNANDES*<br>Solicitor General<br>DAVID D. DAY*<br>Special Assistant to the Attorney General<br>425 Queen Street<br>Honolulu, HI 96813<br>david.d.day@hawaii.gov<br>kaliko.d.fernandes@hawaii.gov<br>*Attorneys for the State of Hawaiʻi*<br>*Admitted pro hac vice | KWAME RAOUL<br>Attorney General for the State of Illinois<br>HARPREET KHERA*<br>Bureau Chief, Special Litigation<br>SHERIEF GABER*<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>115 S. LaSalle St.<br>Chicago, IL 60603<br>sherief.gaber@ilag.gov<br>harpreet.khera@ilag.gov<br>*Attorneys for the State of Illinois*<br>*Admitted pro hac vice |

7

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

<table>
<tr><td>

S. TRAVIS MAYO  
General Counsel  
Office of the Governor of Kentucky  
S. Travis Mayo*  
General Counsel  
Taylor Payne**  
Chief Deputy General Counsel  
Laura C. Tipton*  
Deputy General Counsel  
Office of the Governor  
700 Capitol Avenue, Suite 106  
Frankfort, KY 40601  
travis.mayo@ky.gov  
taylor.payne@ky.gov  
laurac.tipton@ky.gov  
*Attorneys for Plaintiff Governor of Kentucky, Andy Beshear*  
* Admitted pro hac vice  
** Pro hac vice forthcoming

</td><td>

AARON M. FREY  
Attorney General for the State of Maine  
BRENDAN KRECKEL*  
Assistant Attorney General  
Office of the Attorney General  
6 State House Station  
Augusta, ME  04333-0006  
brendan.d.kreckel@maine.gov  
*Attorneys for the State of Maine*  
*Admitted pro hac vice

</td></tr>
<tr><td>

ANTHONY G. BROWN  
Attorney General for the State of Maryland  
MICHAEL DREZNER*  
Senior Assistant Attorney General  
Office of the Attorney General  
200 Saint Paul Place, 20th Floor  
Baltimore, Maryland 21202  
Mdrezner@oag.state.md.us  
*Attorneys for the State of Maryland*  
*Admitted pro hac vice

</td><td>

ANDREA JOY CAMPBELL  
 Attorney General for the State of Massachusetts  
KATHERINE DIRKS  
Chief State Trial Counsel  
CHLOE CABLE  
ETHAN W. MARKS*  
Assistant Attorneys General  
Office of the Massachusetts Attorney General  
1 Ashburton Place Boston, MA 02108  
Katherine.Dirks@mass.gov  
Chloe.Cable@mass.gov  
Ethan.W.Marks@mass.gov  
*Attorneys for the Commonwealth of Massachusetts*  
*Admitted pro hac vice

</td></tr>
<tr><td>

DANA NESSEL  
Attorney General for the State of Michigan  
NEIL GIOVANATTI*  
BRYAN BEACH*  
Assistant Attorneys General  
Michigan Department of Attorney General  
525 W. Ottawa  
Lansing, MI 48909  
GiovanattiN@michigan.gov  
BeachB@michigan.gov  
*Attorneys for the State of Michigan*  
*Admitted pro hac vice

</td><td>

KEITH ELLISON  
Attorney General for the State of Minnesota  
KATHERINE J. BIES  
Special Counsel, Rule of Law  
445 Minnesota Street, Suite 600  
St. Paul, Minnesota, 55101  
Katherine.Bies@ag.state.mn.us  
*Attorneys for the State of Minnesota*

</td></tr>
</table>

8

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

AARON D. FORD
Attorney General for the State of Nevada
HEIDI PARRY STERN* (Bar. No. 8873)
Solicitor General
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov
 *Attorneys for the State of Nevada*
*Admitted pro hac vice

RAUL TORREZ
Attorney General of New Mexico
AMY SENIER*
Senior Counsel
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM  87504-1508
asenier@nmdoj.gov
*Attorneys for the State of New Mexico*
*Admitted pro hac vice

DAN RAYFIELD
Attorney General State of Oregon
BRIAN S. MARSHALL
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Brian.S.Marshall@doj.oregon.gov
*Attorneys for the State of Oregon*

CHARITY R. CLARK
Attorney General for the State of Vermont
RYAN P. KANE*
Deputy Solicitor General
109 State Street
Montpelier, VT 05609
Ryan.kane@vermont.gov
 *Attorneys for the State of Vermont*
*Admitted pro hac vice

MATTHEW J. PLATKIN
Attorney General for the State of New Jersey
ESTEFANIA PUGLIESE-SAVILLE*
ELIZABETH R. WALSH*
Deputy Attorneys General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
Estefania.Pugliese-Saville@law.njoag.gov
elizabeth.walsh@law.njoag.gov
*Attorneys for the State of New Jersey*
*Admitted pro hac vice

PETER F. NERONHA
Attorney General for the State of Rhode Island
LEE B. STALEY*
Chief, Health Care Unit
150 South Main Street
Providence, RI 02903
lstaley@riag.ri.gov
*Attorneys for the State of Rhode Island*
*Admitted pro hac vice

NICHOLAS W. BROWN
Attorney General of Washington
ZANE MULLER, WSBA 63777*
WILLIAM MCGINTY, WSBA #41868*
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
*Attorneys for the State of Washington*
*Admitted pro hac vice

9

Not. of Mot. & Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

JOSHUA L. KAUL
Attorney General for the State of Wisconsin
KARLA Z. KECKHAVER*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*
*Pro hac vice forthcoming