ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
KATHLEEN BOERGERS
Supervising Deputy Attorney General
WILLIAM BELLAMY
MARIA F. BUXTON
KEVIN G. REYES
ANNA RICH
STEPHANIE T. YU
KATHERINE MILTON (State Bar No. 284803)
Deputy Attorneys General
  455 Golden Gate Avenue, #11000
  San Francisco, CA 94102-7004
  Telephone: (415) 229-0118
  E-mail: Katherine.milton@doj.ca.gov
*Attorneys for Plaintiff State of California*
*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR EX REL. ANDY BESHEAR,** in his official capacity as Governor of the Commonwealth of Kentucky**; STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,**<br>                                    Plaintiffs,<br>    v.<br>**U.S. DEP'T OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY JR.,** in his official capacity as Secretary of Health and Human Services; **U.S. DEP'T OF HOMELAND SECURITY; KRISTI NOEM**, in her official capacity as Secretary of Homeland Security,<br>                                    Defendants. | Case No. 3:25-cv-05536-VC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR AMENDED PRELIMINARY INJUNCTION**<br><br>Date:        September 23, 2025<br>Time:       2:00 p.m.<br>Dept:       Courtroom 4<br>Judge:      Hon. Vince Chhabria<br>Trial Date: Not set<br>Action Filed: July 1, 2025 |

# INTRODUCTION

Kentucky and Wisconsin have demonstrated that they have suffered and will continue to suffer irreparable harm as a result of Defendants' actions absent a preliminary injunction. Kentucky and Wisconsin acted diligently in pursing relief following the revelation that their residents' Medicaid data was subject to disclosure to DHS. Defendants have not demonstrated that any perceived delay in filing a motion for an amended preliminary injunction lessens the risk of irreparable harm to Kentucky or Wisconsin, or otherwise alters this Court's equitable determination that a preliminary injunction is warranted.

# ARGUMENT

## I. KENTUCKY AND WISCONSIN HAVE DEMONSTRATED IRREPARABLE HARM

The timing of Kentucky and Wisconsin's request to join this litigation does not lessen the harms they are experiencing. As the declarations submitted by Kentucky and Wisconsin demonstrate, DHS's unfettered access to Kentucky and Wisconsin's Medicaid data erodes their residents' confidence in their healthcare systems and threatens the states' healthcare operations. *See* Standridge Decl., ¶¶ 27-29; Lee Decl., ¶¶ 22-23. This harm can and should be mitigated by a preliminary injunction.

Defendants' arguments that Plaintiffs have not shown irreparable harm are unavailing. Indeed, Defendants admit that Kentucky and Wisconsin are "similarly situated" to the original Plaintiffs that the Court found would be irreparably harmed absent an injunction. Opp. at 1. Defendants ask this Court to deny relief solely because Kentucky and Wisconsin did not join this lawsuit prior to the issuance of the preliminary injunction. But this position is contrary to the law. "[D]elay is but a single factor" in the irreparable harm analysis, and courts are "loath to withhold relief solely on that ground." *Arc of Cal. v. Douglas*, 757 F.3d 975, 990–91 (9th Cir. 2014) (internal quotations omitted). The cases cited by Defendants affirm this principle. For example, in *Dahl v. Swift Distribution, Inc.*, the court denied plaintiff's attempted request for an ex parte temporary restraining order after an unexplained delay in seeking relief. Yet the court explicitly stated that the "delay . . . is not dispositive" and that the result would have been the

1

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

same had the request for relief been more timely. No. CV 10-00551 SJO(RZX), 2010 WL 1458957, at *4 (C.D. Cal. Apr. 1, 2010) (citing *Miller for & on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993)). The other cases Defendants rely on considered the delay in the context of the relief being requested and whether a preliminary injunction could alleviate the injuries faced by the party seeking relief. In *Miller for & on Behalf of N.L.R.B. v. Cal. Pac. Med. Ctr.*, for example, the court recognized that "[d]elay by itself is not a determinative factor." 991 F.2d 536, 544 (9th Cir. 1993), *on reh'g*, 19 F.3d 449, 544 (9th Cir. 1994). Instead, the court looked at whether relief was truly necessary. *Id.* Ultimately, it denied relief because the alleged harms (unfair labor practices) had already taken their toll, and it was therefore unlikely that further harm would result while parties awaited final action. *Id.*; *see also Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (denying injunction because plaintiff's argument that it was in a "desperate" situation was mooted given that the 1984 presidential election had already passed); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (denying injunction because harms suffered by actress who brought a copyright lawsuit were "untethered from her commercial interests as a performer" and incompatible with copyright law); *Turchet v. Mayfield*, No. 20-cv-011104-VC, 2020 WL 1126779, at *2 (N.D. Cal. Mar. 6, 2020) (plaintiff did not establish she is likely to suffer irreparable harm "primarily because damages would almost certainly provide her an adequate remedy").

Here, any purported delay is not dispositive because Kentucky and Wisconsin "are likely to suffer irreparable harm from the way the agencies implemented this change in longstanding policy." ECF No. 98 at 4.

## II.   THE REMAINING FACTORS WEIGH IN PLAINTIFFS' FAVOR

Defendants' concerns about "tactical delays" and "gamesmanship" do not tip the balance of equities to Defendants.

First, these concerns are not borne out by the record. Plaintiffs did not wait to file the instant motion for the purpose of gaining a strategic advantage over Defendants. Contrary to Defendants' assertion, there is nothing unexplained about the timing of the amended complaint

2

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

and the instant motion. Kentucky and Wisconsin were not impacted by the initial data release by CMS. *See* Kimberly Kindy & Amanda Seitz, *Trump Administration Gives Personal Data of Immigrant Medicaid Enrollees to Deportation Officials,* AP NEWS (June 14, 2025), https://apnews.com/article/medicaid-deportation-immigrants-trump-4e0f979e4290a4d10a067da0acca8e22 (reporting that only California, Illinois, Washington state, and Washington, D.C. were included in the dataset). It was not until July 17, 2025, that it was reported that DHS was being given direct access to *all* states' data. *See* Kimberly Kindy & Amanda Seitz, *Trump Administration Hands Over Medicaid Recipients' Personal Data, Including Addresses, to ICE*, AP NEWS (July 17, 2025), https://apnews.com/article/immigration-medicaid-trump-ice-ab9c2267ce596089410387bfcb40eeb7. Kentucky and Wisconsin reasonably concluded at that point that legal action was necessary, and promptly reached out to lead counsel within days to inquire about joining the lawsuit. *See* Rich Decl., ¶ 4. Then, as the record demonstrates, Plaintiffs required several weeks to finalize the Amended Complaint to avoid making multiple filings. *See id*., ¶ 5. Nothing in the law supports Defendants' contention that Plaintiffs must amend the complaint prior to the hearing on the motion for a preliminary injunction to seek relief.

Second, Defendants essentially seek to impose a requirement that, once one state seeks relief, all who want similar relief must do so at the same time, or not at all. Opp. at 8-9. But requiring separate sovereign governments to move in lock-step in their litigation decisions is not grounded in law, nor is it in the public interest. When faced with abrupt changes to government policies, it is natural that States may come to different litigation assessments at different times. This case demonstrates that principle. It was initially reported that only the data of California, Illinois, and Washington was disclosed to DHS. It was not until further reporting and the filing of the opposition to the preliminary injunction that it became undeniable that the data of Kentucky and Wisconsin was also being used improperly. *See* ECF No. 83-3 (T-MSIS Agreement). Faulting Kentucky and Wisconsin for not predicting that Defendants would engage

3

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

in this "bolt-from-the-blue reversal" is unwarranted and not in the public interest. ECF No. 98 at 4.

At the time that Kentucky and Wisconsin decided to join the litigation, Plaintiffs faced a fast-approaching deadline to file their reply and an imminent oral argument on their motion for preliminary injunction. Plaintiffs made a reasonable litigation decision to wait on amending their complaint to avoid the filing of multiple complaints and/or multiple motions to amend the preliminary injunction in quick succession. Rich Decl., ¶ 5. Plaintiffs also appropriately sought to avoid motion practice by first asking Defendants' counsel for a stipulation to amend the preliminary order prior to the August 29, 2025 case management conference. *Id.*, ¶ 6; *see also* ECF Nos. 101 and 102. Accordingly, Defendants' theoretical concerns do not warrant the denial of relief particularly when "the harm from delaying access to a single immigration enforcement tool until the agencies undertake a reasoned decisionmaking process is outweighed by the harm and disruption that this bolt-from-the-blue reversal has visited upon the states, providers, and patients." ECF No. 98 at 4.

//
//
//
//
//
//
//
//
//
//
//
//
//

4

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

## CONCLUSION

The Court should grant Plaintiffs' motion and issue an amended preliminary injunction as requested in the motion.

Dated:  September 18, 2025                                          Respectfully submitted,

| | |
|---|---|
| LETITIA JAMES<br>Attorney General for the State of New York<br>MARK LADOV*<br>Special Counsel<br>RABIA MUQADDAM*<br>Chief Counsel for Federal Initiatives<br>ZOE LEVINE*<br>Special Counsel for Immigrant Justice<br>NATASHA KORGAONKAR*<br>Special Counsel<br>28 Liberty St. New York, NY 10005<br>mark.ladov@ag.ny.gov<br>*Attorneys for the State of New York*<br>*Admitted pro hac vice | ROB BONTA<br>Attorney General for the State of California<br>NELI PALMA<br>Senior Assistant Attorney General<br>KATHLEEN BOERGERS<br>Supervising Deputy Attorney General<br>WILLIAM BELLAMY<br>MARIA F. BUXTON<br>KEVIN G. REYES<br>ANNA RICH<br>STEPHANIE T. YU<br><br>/s/ Katherine Milton<br>KATHERINE MILTON<br>Deputy Attorneys General<br>*Attorneys for the State of California* |

5

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

*Additional Counsel*

KRISTIN K. MAYES
Attorney General for the State of Arizona
ALEXA G. SALAS*
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004
Alexa.Salas@azag.gov
ACL@azag.gov
*Attorneys for the State of Arizona*
*Admitted pro hac vice

PHILIP J. WEISER
Attorney General for the State of Colorado
RYAN LORCH*
Senior Assistant Attorney General
SAM WOLTER*
Assistant Attorney General
1300 Broadway, #10
Denver, CO 80203
Ryan.lorch@coag.gov
samuel.wolter@coag.gov
*Attorneys for the State of Colorado*
*Admitted pro hac vice

WILLIAM TONG
Attorney General of Connecticut
JANELLE MEDEIROS*
Special Counsel for Civil Rights
165 Capitol Ave
Hartford, CT 06106
Janelle.Medeiros@ct.gov
*Attorneys for the State of Connecticut*
*Admitted pro hac vice

KATHLEEN JENNINGS
Attorney General for the State of Delaware
IAN R. LISTON
Director of Impact Litigation
JENNIFER KATE AARONSON
VANESSA L. KASSAB*
Deputy Attorney General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
vanessa.kassab@delaware.gov
*Attorneys for the State of Delaware*
*Admitted pro hac vice

ANNE E. LOPEZ
Attorney General for the State of Hawaiʻi
KALIKOʻONĀLANI D. FERNANDES*
Solicitor General
DAVID D. DAY*
Special Assistant to the Attorney General
425 Queen Street
Honolulu, HI 96813
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov
*Attorneys for the State of Hawaiʻi*
*Admitted pro hac vice

KWAME RAOUL
Attorney General for the State of Illinois
HARPREET KHERA*
Bureau Chief, Special Litigation
SHERIEF GABER*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
sherief.gaber@ilag.gov
harpreet.khera@ilag.gov
*Attorneys for the State of Illinois*
*Admitted pro hac vice

6

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

S. TRAVIS MAYO
General Counsel
Office of the Governor of Kentucky
S. Travis Mayo*
General Counsel
Taylor Payne**
Chief Deputy General Counsel
Laura C. Tipton*
Deputy General Counsel
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov
*Attorneys for Plaintiff Governor of Kentucky, Andy Beshear*
* Admitted pro hac vice
** Pro hac vice forthcoming

AARON M. FREY
Attorney General for the State of Maine
BRENDAN KRECKEL*
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
brendan.d.kreckel@maine.gov
*Attorneys for the State of Maine*
*Admitted pro hac vice

ANTHONY G. BROWN
Attorney General for the State of Maryland
MICHAEL DREZNER*
Senior Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Mdrezner@oag.state.md.us
*Attorneys for the State of Maryland*
*Admitted pro hac vice

ANDREA JOY CAMPBELL
Attorney General for the State of Massachusetts
KATHERINE DIRKS
Chief State Trial Counsel
CHLOE CABLE
ETHAN W. MARKS*
Assistant Attorneys General
Office of the Massachusetts Attorney General
1 Ashburton Place Boston, MA 02108
Katherine.Dirks@mass.gov
Chloe.Cable@mass.gov
Ethan.W.Marks@mass.gov
*Attorneys for the Commonwealth of Massachusetts*
*Admitted pro hac vice

DANA NESSEL
Attorney General for the State of Michigan
NEIL GIOVANATTI*
BRYAN BEACH*
Assistant Attorneys General
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
GiovanattiN@michigan.gov
BeachB@michigan.gov
*Attorneys for the State of Michigan*
*Admitted pro hac vice

KEITH ELLISON
Attorney General for the State of Minnesota
KATHERINE J. BIES
Special Counsel, Rule of Law
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
Katherine.Bies@ag.state.mn.us
*Attorneys for the State of Minnesota*

| | |
|---|---|
| AARON D. FORD<br>Attorney General for the State of Nevada<br>HEIDI PARRY STERN* (Bar. No. 8873)<br>Solicitor General<br>Office of the Nevada Attorney General<br>555 E. Washington Ave., Ste. 3900<br>Las Vegas, NV 89101<br>HStern@ag.nv.gov<br>*Attorneys for the State of Nevada*<br>*Admitted pro hac vice | MATTHEW J. PLATKIN<br>Attorney General for the State of New Jersey<br>ESTEFANIA PUGLIESE-SAVILLE*<br>ELIZABETH R. WALSH*<br>Deputy Attorneys General<br>Office of the Attorney General<br>25 Market Street<br>Trenton, NJ 08625<br>Estefania.Pugliese-Saville@law.njoag.gov<br>elizabeth.walsh@law.njoag.gov<br>*Attorneys for the State of New Jersey*<br>*Admitted pro hac vice |
| RAUL TORREZ<br>Attorney General of New Mexico<br>AMY SENIER*<br>Senior Counsel<br>New Mexico Department of Justice<br>P.O. Drawer 1508<br>Santa Fe, NM  87504-1508<br>asenier@nmdoj.gov<br>*Attorneys for the State of New Mexico*<br>*Admitted pro hac vice | |
| DAN RAYFIELD<br>Attorney General State of Oregon<br>BRIAN S. MARSHALL<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Brian.S.Marshall@doj.oregon.gov<br>*Attorneys for the State of Oregon* | PETER F. NERONHA<br>Attorney General for the State of Rhode Island<br>LEE B. STALEY*<br>Chief, Health Care Unit<br>150 South Main Street<br>Providence, RI 02903<br>lstaley@riag.ri.gov<br>*Attorneys for the State of Rhode Island*<br>*Admitted pro hac vice |
| CHARITY R. CLARK<br>Attorney General for the State of Vermont<br>RYAN P. KANE*<br>Deputy Solicitor General<br>109 State Street<br>Montpelier, VT 05609<br>Ryan.kane@vermont.gov<br>*Attorneys for the State of Vermont*<br>*Admitted pro hac vice | NICHOLAS W. BROWN<br>Attorney General of Washington<br>ZANE MULLER, WSBA 63777*<br>WILLIAM MCGINTY, WSBA #41868*<br>Assistant Attorneys General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>*Attorneys for the State of Washington*<br>*Admitted pro hac vice |

8

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)

JOSHUA L. KAUL
Attorney General for the State of Wisconsin
KARLA Z. KECKHAVER*
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
karla.keckhaver@wisdoj.gov
*Attorneys for Plaintiff State of Wisconsin*
*Admitted pro hac vice

9

Reply ISO Mot. For Amended Prel. Inj. (3:25-cv-05536-VC)