Rich Decl.

Ex. B

2025 CMS Guidance Letter

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland   21244-1850



SMD # 25-003

RE: Medicaid Managed Care Payments and Emergency Medical Condition Coverage for Aliens Ineligible for Full Medicaid Benefits

September 30, 2025

Dear State Medicaid Director:

The Centers for Medicare & Medicaid Services (CMS) is issuing guidance to announce an updated interpretation of section 1903(v) of the Social Security Act (the Act), which authorizes federal financial participation (FFP) for care and services necessary for treatment of an emergency medical condition for aliens[1] ineligible for full Medicaid benefits. Specifically, we announce a change in our interpretation of how section 1903(v) of the Act applies to Medicaid managed care payments to improve program and fiscal integrity in the Medicaid program.

**Background**

Section 1903(v) of the Act provides that payment may be made to a state for medical assistance furnished to an individual who is not lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law[2] only when such care and services are necessary for the treatment of an emergency medical condition (often referred to as "emergency Medicaid"), provided that the individual meets all other eligibility requirements for Medicaid under the state plan. This population is referred to in this letter as "aliens ineligible for full Medicaid benefits."

The Act defines an emergency medical condition as "a medical condition (including emergency labor and delivery) manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to

---

[1] We use the term "alien" in this letter to align with Immigration and Nationality Act (INA). We note that Medicaid regulations use the term "noncitizen." *See* 42 CFR § 435.4, defining "noncitizen" as having the same meaning as the term "alien" (defined at 8 U.S.C. 1101(a)(3)) and includes any individual who is not a citizen or national of the United States (defined at 8 U.S.C. 1101(a)(22)).

[2] Further limitations on the availability of federal payments to states based on an individual's immigration status take effect on October 1, 2026, as specified in section 1903(v)(5) of the Act, as added by sections 71109-10 of the Working Families Tax Cuts Act, Pub. L. 119-21, 139 Stat. 72 (2025).

Page 2 – State Medicaid Director

result — (A) placing the patient's health in serious jeopardy, (B) serious impairment to bodily functions, or (C) serious dysfunction of any bodily organ or part."[3] An emergency medical condition does not include care and services related to an organ transplant procedure.[4]

CMS has program and fiscal integrity concerns related to states' use of managed care to provide emergency Medicaid. CMS is concerned that states are claiming FFP for costs beyond those allowable for care and services necessary for the treatment of an emergency medical condition, and that Medicaid is cross subsidizing state-only programs that provide additional services to aliens ineligible for full Medicaid benefits. For example, in May 2024, the U.S. Department of Health and Human Services Office of Inspector General (HHS-OIG) found that California improperly claimed FFP for $52.7 million over an 18-month period from October 1, 2018, through June 30, 2019, for aliens ineligible for full Medicaid benefits.[5]

**Policy Interpretation**

CMS is issuing this guidance to announce an updated interpretation of section 1903(v) of the Act to improve program and fiscal integrity of the Medicaid program as required in 1902(a)(4) of the Act. CMS believes it is reasonable and prudent to interpret the emergency Medicaid provision under section 1903(v) of the Act to apply only to specific payments made for care and services necessary for the treatment of an emergency medical condition <u>actually furnished (i.e., rendered)</u> to aliens ineligible for full Medicaid benefits. Under this updated interpretation, the section 1903(v) emergency Medicaid provision **does not apply to Medicaid managed care payments, including risk-based capitation payments**, made on behalf of aliens ineligible for full Medicaid benefits.

**Impacts to Managed Care Payments**

1. <u>Risk-Based Capitation Payments</u>: A capitation payment is a payment the state makes periodically to a managed care plan[6] on behalf of each beneficiary enrolled under a risk contract and based on the actuarially sound capitation rate for the provision of Medicaid services.[7] The state makes the capitation payment, generally prospectively, regardless of whether the particular beneficiary receives services during the period covered by the payment.[8] Capitation rates are developed prospectively based on historical base utilization and price data, and are not tied to specific services rendered. The actual experience (i.e., rendered services) of an alien ineligible for full Medicaid benefits may vary from the historical data utilized for risk-based capitation rates.[9] Capitation rates also

---

[3] See section 1903(v)(3) of the Act
[4] Section 1903(v)(2)(C) of the Act
[5] OIG. *California Improperly Claimed $52.7 Million in Federal Medicaid Reimbursement for Capitation Payments Made On Behalf Of Noncitizens with Unsatisfactory Immigration Status*. *May 2024*
[6] For purposes of this guidance a managed care plan includes a managed care organization (MCO), prepaid inpatient health plan (PIHP), and prepaid ambulatory health plan (PAHP) as defined in 42 CFR § 438.2.
[7] Section 1903(m)(2)(A)(iii) of the Act.
[8] See 42 CFR § 438.2
[9] See 42 CFR § 438.5

    incorporate non-benefit costs, including expenses for managed care plan administration, taxes, contributions to reserves, risk margin, cost of capital, and other operational costs.[10] These non-benefit costs cannot be characterized as payments for "care and services necessary to treat an emergency medical condition" as required by section 1903(v) of the Act since they are not directly related to the actual care and services necessary for the treatment of an emergency medical condition. For these reasons, capitation payments cannot be characterized as payments for "care and services necessary to treat an emergency medical condition" as required by the statute. Therefore, capitation payments do not qualify for FFP under section 1903(v) of the Act. As such, states may not include aliens ineligible for full Medicaid benefits in the development of capitation rates, the capitation payments that states pay to managed care plans, or risk-based contracts.

2. <u>State Directed Payments and In Lieu of Services and Settings</u>: In some instances, states may include contractual requirements that direct certain managed care expenditures, known as state directed payments, under 42 CFR § 438.6(c). The authority for state directed payments is tied to the statutory requirement for risk-based, actuarially sound capitation rates in section 1903(m)(2)(A)(iii) of the Act.[11] As aliens ineligible for full Medicaid benefits may not be included in capitation rates, as noted in the preceding item (1) under CMS's updated interpretation of section 1903(v) of the Act, state directed payments may not be made for aliens ineligible for full Medicaid benefits, and costs and utilization for this population may not be included in the methodology for determining state directed payments.

   In lieu of services and settings are specified at 42 CFR §§ 438.3(e)(2) and 438.16, and are tied to the risk-based nature of managed care contracts in accordance with section 1903(m)(2)(A) of the Act.[12] In lieu of services and settings are substitutes for a covered service or setting under the state plan, and costs for these substitutes may be included in capitation rates.[13] As aliens ineligible for full Medicaid benefits may not be included in risk-based contracts and capitation rates, and FFP is only available for the actual, rendered care and services necessary for the treatment of an emergency medical condition, as noted in the preceding item (1) under CMS's updated interpretation of section 1903(v) of the Act, coverage of in lieu of services and settings is not permissible for aliens ineligible for full Medicaid benefits.

3. <u>Non-Risk Contracts</u>: States can utilize non-risk contracts with PIHPs and PAHPs.[14] Under non-risk contracts, states may make prospective payments to the PIHP or PAHP that account for the estimated costs related to the provision of services and expenses for the plan's administration. States then reconcile these payments to an upper payment limit that accounts for the costs of furnished services and the associated administrative costs of the PIHP or PAHP. As FFP is only available for "care and services necessary to treat an emergency medical condition," it is not appropriate to account for prospective assumed

---

[10] See 42 CFR § 438.5(e)
[11] See 89 FR 41041
[12] See 89 FR 41140
[13] See 42 CFR §§ 438.2 and 438.3(c)(1)(ii)
[14] See 42 CFR §§ 438.2 and 447.362

Page 4 – State Medicaid Director

    costs or administrative costs which reasonably could include higher costs than expenditures of actual rendered services and would raise program and fiscal integrity concerns. FFP is only available for the actual, rendered care and services necessary for treatment of an emergency medical condition, not for the prospective payments or any administrative costs of the PIHP or PAHP associated to aliens ineligible for full Medicaid benefits.

4. <u>Primary Care Case Management</u>: States may contract with primary care case managers (PCCMs) and primary care case management entities (PCCM entities) which are not risk-based managed care plans.[15] PCCMs receive a case management fee for providing primary care case management, which is in addition to payments that providers receive for rendering services in the fee-for-service (FFS) delivery system. PCCM entities receive payment for providing primary care case management services and additional administrative functions, such as the operation of a call center and provision of payment to FFS providers on behalf of the state. Given the nature of these entities, payments to PCCMs and PCCM entities cannot be characterized as "care and services necessary to treat an emergency medical condition," as required by the statute, and do not qualify for FFP under section 1903(v) of the Act. As such, states may not include aliens ineligible for full Medicaid benefits in managed care contracts with PCCMs and PCCM entities.

**State Options for Providing Coverage and Claiming FFP**

Under the updated interpretation announced in this State Medicaid Director Letter (SMDL), states have two options for providing coverage and claiming FFP for care and services necessary for treatment of an emergency medical condition to aliens ineligible for full Medicaid benefits under section 1903(v) of the Act:

1. <u>FFS Coverage</u>: States may provide coverage for care and services necessary for treatment of an emergency medical condition to aliens ineligible for full Medicaid benefits in a FFS delivery system and claim FFP for only the actual care and services necessary for treatment of an emergency medical condition rendered consistent with section 1903(v) of the Act. CMS strongly recommends this approach as it is the simplest to implement and will create the clearest documentation of verifiable data.

2. <u>Managed Care</u>: States may contract with PIHPs and PAHPs on a non-risk basis to cover only care and services necessary for treatment of an emergency medical condition to aliens ineligible for full Medicaid benefits. However, FFP would only be available for the cost of the claims paid for actual care and services necessary for treatment of an emergency medical condition rendered, not for any other costs, including prospective payments or any administrative costs of the PIHPs or PAHPs, as noted above. States may not contract with MCOs to provide care and services necessary for treatment of an emergency medical condition to aliens ineligible for full Medicaid benefits because MCOs must contract with states using a comprehensive risk contract[16] and, as noted

---

[15] See 42 CFR § 438.2
[16] See 42 CFR § 438.2

Page 5 – State Medicaid Director

above, states may not include aliens ineligible for full Medicaid benefits who are eligible only for care and services necessary for treatment of an emergency medical condition in the development of capitation rates, the capitation payments that states pay to managed care plans, or risk-based contracts.

States that elect to contract with PIHPs and PAHPs on a non-risk basis solely to cover care and services necessary for treatment of an emergency medical condition to aliens ineligible for full Medicaid benefits must utilize separate non-risk contracts for this population and may not include these aliens ineligible for full Medicaid benefits in non-risk contracts for other Medicaid populations. Additionally, if states cover additional services for aliens ineligible for full Medicaid benefits using state-only funding, the state must utilize a separate and distinct contract and payment with any managed care plans it contracts with to provide state-funded services. State-only funded services for aliens ineligible for full Medicaid benefits may not be included in states' contracts and payments to Medicaid managed care plans.

These requirements are consistent with CMS's authority at 42 CFR § 438.3(a) to require that managed care plan contracts be submitted in the form and manner established by CMS. CMS believes these requirements are reasonable and appropriate requirements necessary for the proper and efficient operation of the Medicaid program and to ensure the program and fiscal integrity of the Medicaid program. Given our experience with states to-date, such as through our review of managed care contracts and capitation payments as well as the findings of the HHS-OIG audit referenced above, we believe there are credible concerns regarding states' claiming of FFP for aliens ineligible for full Medicaid benefits. CMS believes it is prudent to establish separate contracting as a reasonable administrative guardrail to increase contracting transparency to more easily identify the allowable FFP expenditures for aliens ineligible for full Medicaid benefits to aid Form CMS-64 reporting, as well as reduce the risk that Medicaid is cross subsidizing state-only funded services that are not eligible for FFP. CMS acknowledges that it historically permitted states to include state-only funded services and programs in Medicaid managed care contracts. However, CMS will no longer permit this practice given these program and fiscal integrity concerns consistent with the compliance timeline described in the subsequent section.

Given the limited scope of service expenditures eligible for FFP for aliens ineligible for full Medicaid benefits, states must report the expenditures for actual care and services necessary for treatment of an emergency medical condition rendered under either of the two options noted above on line 27 on the Form CMS-64 entitled "Emergency Services for Undocumented Aliens" to ensure appropriate FFP claiming.

**Implementation and Compliance**

States must ensure that their claims for FFP for care and services necessary for treatment of an emergency medical condition provided to aliens ineligible for full Medicaid benefits complies with applicable federal requirements discussed in this SMDL. States must maintain documentation to support any claim for FFP, and CMS may request documentation as support

for claims on the Form CMS-64 expenditure report, other financial reports and reviews, and audits. States should ensure the accuracy of claims reported on the Form CMS-64 as well as the Transformed Medicaid Statistical Information System (T-MSIS) file submission. CMS will explore using both data sets for monitoring and oversight.

States that are currently making managed care payments on behalf of aliens ineligible for full Medicaid benefits in their Medicaid managed care programs, or utilizing the same contract for both Medicaid and state-funded programs, must revise their contracting practices and payment methodologies, and should assess whether revisions to their managed care authorities and reporting practices on Form CMS-64 are necessary to comply with the policy revisions in this SMDL. Additionally, these states must ensure that Medicaid rate certifications (actuarial documentation for capitation rates) and state directed payment preprints exclude all data and assumptions associated to aliens ineligible for full Medicaid benefits.

CMS will work with states to ensure compliance with federal requirements as discussed in this SMDL and appropriate claiming of FFP for care and services necessary for treatment of an emergency medical condition provided to aliens ineligible for full Medicaid benefits. States must submit any necessary actions, including state plan amendments, section 1915(b) waivers, managed care plan, PCCM or PCCM entity contract actions, rate certifications, and state directed payment preprints to comply with these requirements, consistent with federal requirements applicable to those submissions.

CMS recognizes that states may need time to implement revisions to their program operations, including states' managed care contract arrangements (as states utilize a 12-month rating period[17]), and FFP claiming practices, given the changes outlined in this SMDL. Therefore, CMS generally does not expect to take enforcement action with respect to implementation of the federal legal requirements as discussed in this SMDL before the start of the first rating period beginning on or after 1 year following the date of publication of this SMDL. For example, January 1, 2027 for states that have a rating period that operates on the calendar year.

**Closing**

CMS is committed to working with states to improve the program and fiscal integrity of the Medicaid program. If you have any questions about this guidance, please contact ManagedCareTA@cms.hhs.gov.

                                              Sincerely,

                                              /s/

                                              Caprice Knapp
                                              Acting Deputy Administrator and Director

---

[17] See 42 CFR § 438.2