**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

       v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

    Defendants.

Civil Action No. 3:25-cv-05536-VC

**DECLARATION OF ALBERTO V. BRISENO**

I, Alberto V. Briseno, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I am a Section Chief for Homeland Security Investigations (HSI) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS) and have been with the agency since August 22, 2010.

2. In my current role, I am assigned to the HSI Cyber and Operational Technology (COT) office. Within COT, I oversee a section of Operational Systems Development and Management (OSDM) responsible for information technology programs and initiatives that directly support HSI's law enforcement mission and develop major advancements in technology used to combat crime. Under my direction is the HSI Innovation Lab, the agency's centralized hub for developing next-generation technologies.

3. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information maintained and relied upon by DHS in the regular course of business.

4. After entry of the Court's December 29, 2025 Order, it is my understanding that on January 6, 2026, ICE issued a Privacy Act (b)(7) letter to the Department of Health and Human Services (HHS), Centers for Medicare & Medicaid Services (CMS).

5.      Based on ICE's (b)(7) letter, ICE made a request on January 6, 2026. This declaration is submitted to explain how the request to HHS/CMS on January 6, 2026 was made, and what steps were taken to safeguard and delete the data, in an abundance of caution, to ensure compliance with the Court's December 29, 2025 Order.

6.      On December 10, 2025, it is my understanding that ICE issued a Privacy Act (b)(7) letter to HHS/CMS requesting data "from those states not enjoined in [this case] from June 2025 to the present, such as full name, addresses, Social Security Numbers, date of birth, citizenship and/or immigration status, and Medicaid ID of individuals with unsatisfactory immigration status (aliens not lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law)."

7.      On the same date, ICE shared a list of aliens with open cases from the ENFORCE Alien Removal Module (EARM), ICE's enforcement database, meaning aliens who have had immigration removal proceedings initiated, aliens under investigation, and aliens who have executable Final Orders of Removal. This list of open EARM cases totaled approximately 7.6 million subjects. HHS/CMS provided data for non-plaintiff states on December 14, 2025.

8.      As noted above in Paragraph 4, after the Court's December 29, 2025 Order, on January 6, 2026, ICE issued a second Privacy Act (b)(7) letter to HHS for plaintiff states. ICE did not provide an updated list of open cases to HHS/CMS. Instead, HHS/CMS used ICE's December 10, 2025 list of open cases to provide updated information.

9.      ICE's January 6, 2026 Privacy Act (b)(7) letter expressly references the Court's December 29, 2025 Order and distinguishes between "basic biographical, contact or location information about unlawfully present aliens" from other information that "ICE [is] not entitled to obtain" and which HHS/CMS may not share. ICE's January 6, 2026 Privacy Act (b)(7) letter narrowed the list of information requested to "citizenship and immigration status, phone number, addresses, date of birth, and Medicaid ID" and repeated the limitation from the December 10, 2025 Privacy Act (b)(7) letter to "individuals with unsatisfactory immigration status (aliens not admitted for permanent residence or otherwise permanently residing in the United States under color of law)." The letter was further limited to requesting Medicaid data from the Plaintiff States because ICE already had data from non-Plaintiff States.

10.     On January 7, 2026, ICE received a list of matches from HHS/CMS. It was ICE's understanding that the HHS/CMS list contained data for aliens unlawfully residing in the United States.

11.     ICE loaded the HHS data into Databricks, a data engineering platform. ICE utilizes Databricks to clean, normalize, and standardize data as part of its data engineering processes. Access to Databricks is restricted to personnel engaged in data engineering tasks and is not accessible to agents and officers conducting law enforcement operations.

12.    ICE utilized Databricks to begin normalizing the January 7, 2026 HHS/CMS data.

13.    On or about February 20, 2026, ICE, upon learning there was disagreement between the parties as to whether some individuals present in the data potentially fall within the terms of the Court's injunction, and although the PI did not preclude ICE from making a request, ICE determined that the parameters of the open EARM cases could have been further limited. To remedy this, ICE restricted access and quarantined the HHS/CMS data. ICE also agreed not to utilize the data, pending resolution of the issue.

14.    ICE has not ingested the January 7, 2026 HHS/CMS data into any ICE system officers or agents use and has not used the data for any law enforcement operations.

15.    To resolve Plaintiffs' ongoing concerns, ICE agreed to delete the January 7, 2026 data.

16.    On March 30, 2026, ICE confirmed that the January 7, 2026 data file had been deleted. This deletion included the data file received by ICE, as well as the data loaded into Databricks. No other sources or derived versions of the data from the HHS/CMS list were retained within ICE holdings. Prior to deletion, no data was shared with any ICE enforcement database.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

April 9, 2026                          */s/ Alberto V. Briseno*
                                        ALBERTO V. BRISENO
                                        Section Chief at Operational Systems Development and Management

3