# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.,

     Plaintiffs,

        v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, et al.,

     Defendants.

Civil Action No. 3:25-cv-05536-VC

## DECLARATION OF EVAN C. KATZ

I, Evan C. Katz, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1. I am the Acting Assistant Director for the Enforcement Division, Enforcement and Removal Operations (ERO) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS) and have been with the agency since 2003 and prior to that, the former Immigration and Naturalization Service since November 1997.

2. In my current role, I am responsible for leading the Targeting and Enforcement Operations divisions, which supports field offices' work to arrest and remove aliens from the United States.

3. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information maintained and relied upon by DHS in the regular course of business.

4. On January 2, 2026, U.S. Citizenship and Immigration Services (USCIS) provided ICE with information on refugees who have not adjusted to lawful permanent resident (LPR) status in Minnesota.

5.      It is my understanding that on January 6, 2026, ICE issued a Privacy Act (b)(7) letter to the Department of Health and Human Services (HHS), Centers for Medicare & Medicaid Services (CMS).

6.      ICE's January 6, 2026 Privacy Act (b)(7) letter expressly references the Court's December 29, 2025 Order and distinguishes between "basic biographical, contact or location information about unlawfully present aliens" from other information that "ICE [is] not entitled to obtain" and which HHS/CMS may not share. It is my understanding that, to comply with the court's order, ICE narrowed the list of information requested to "citizenship and immigration status, phone number, addresses, date of birth, and Medicaid ID" and limited the request to "individuals with unsatisfactory immigration status (aliens not admitted for permanent residence or otherwise permanently residing in the United States under color of law)."

7.      It is my understanding that on January 9, 2026, USCIS requested data from HHS/CMS for the unadjusted refugees to provide to ICE. It is also my understanding that in response to a request from HHS, ICE provided the January 6, 2026 Privacy Act (b)(7) letter to HHS.

8.      On January 19, 2026, HHS/CMS provided data to ICE via email. The data was then forwarded to ICE ERO's National Criminal Analysis and Targeting Center (NCATC) for analysis and normalization and use of applicable data.

9.      ICE intended to use this information to bolster existing leads and/or develop new leads for immigration enforcement.

10.     Upon initial review of the data, the NCATC determined that the data could not be ingested into ICE's system for targeting purposes and it was then placed on a local drive at the NCATC to revisit if needed in the future. As a result, the January 19, 2026 HHS/CMS data was not ingested into any ICE system for officers or agents use and ICE has not used the data for any law enforcement purposes.

11.     The January 19, 2026 HHS/CMS data also listed 12 refugees who had not been in the United States for one year and included data from CMS for seven of those refugees.

12.     On April 2, 2026, I was informed that the data transfer from HHS/CMS could potentially include information related to aliens who were not unlawfully residing in the United States. To resolve these concerns, the NCATC deleted the January 19, 2026 data from its local drive. Additionally, in an abundance of caution, ICE is making a good faith effort to ensure the January 19, 2026 data file from CMS is deleted from email accounts of the individuals who received the January 19, 2026 data via email.

13.     It is my understanding that ICE did not ingest any of the data into any ICE system for officers or agents use and has not used the data for any law enforcement purposes prior to deletion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

April 9, 2026

_____
EVAN C. KATZ
Acting Assistant Director, Enforcement Division