| | |
|---|---|
| **From:** | Anna Rich |
| **To:** | Christian.R.Dibblee@usdoj.gov |
| **Cc:** | Elizabeth.Shapiro@usdoj.gov; Gerardi, Michael J. (CIV); Kathleen Boergers; Stephanie Yu; Dona, Julie; Ladov, Mark |
| **Subject:** | California v. HHS, Additional Requests Relating to Defendants" Opposition |
| **Date:** | Monday, April 13, 2026 10:06:00 PM |

Dear Christian—

After being out of the office last week, I was able to review Defendants' opposition brief and supporting declarations today.  While Plaintiffs will address all concerns and requests relating to the motion to enforce in our reply brief on Thursday, we write now to raise two immediate issues so that these could be addressed in advance, as the Court suggested at the CMC.

First, Defendants have attached no exhibits to the Brandt and Katz declarations even though both declarations make explicit reference to, and at times quote directly from, specific emails and documents. These documents and communications are essential evidence, and Plaintiffs should not be forced to litigate with only Defendants' own characterization of these documents. As such, we request that Defendants provide the following via email or other file sharing method to Plaintiffs (note: Plaintiffs do not request any personally identifiable information of Medicaid recipients, and any documents containing PII should be appropriately redacted):

1. The January 6, 2026 communication DHS sent to CMS as referenced in the Second Brandt Decl. ¶ 19 and Katz Decl. ¶¶ 5-6.

2. The January 7, 2026 communication sent to DHS as referenced in the Second Brandt Decl. ¶ 20.

3. The January 9, 2026 communication(s) DHS sent to CMS as referenced in the Second Brandt Decl. ¶ 26 and Katz Decl. ¶ 7.

4. The January 19, 2026 communication CMS sent to DHS as referenced in the Second Brandt Decl. ¶ 32 and Katz Decl. ¶¶ 8, 11.

5. The April 2, 2026 communication(s) referenced in Katz Decl. ¶ 12.

6. Documents or communications related to the statement in the Second Brandt Decl. ¶ 26 ("HHS/CMS understood [DHS's January 9, 2026 request] to indicate that DHS had determined these individuals were not lawfully residing in the United States.").

7. Documents or communications related to the statement in the Second Brandt Decl. ¶ 33 ("After this data was shared, it was identified that approximately 50 entries showed the individual's status as U.S. citizen or U.S. national.").

8. Documents or communications related to the representations in the Second Brandt Decl. ¶ 34 ("HHS/CMS understands that DHS has deleted both spreadsheets and did not ingest the information from either spreadsheet into their systems.") and the similar representations in the Katz Decl. ¶ 12.

9. Please also identify the names and titles of all individuals  (1) who sent the data requests to CMS, (2) who at CMS received and processed the data requests at CMS, and (3) who received

the data files at DHS.

Second, the opposition states that "Immigration and Customs Enforcement (ICE) has deleted all files of data it received as part of these transfers that are stored locally or in cloud-based storage, ***and as to one of the transfers ICE is in the process of ensuring that all emails with the data file have been deleted***." Opp. at 2 (emphasis added). As Defendants' statement acknowledges, the documents Defendants are in the process of deleting are directly relevant to the issue of Defendants' compliance with the PI order, which Defendants admit has been violated. Plaintiffs are therefore concerned of the potential for spoliation of evidence. *See United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir.2002) (A party's destruction of evidence qualifies as willful spoliation if the party has "some notice that the documents were *potentially* relevant to the litigation before they were destroyed.") (emphasis added) (internal quotation marks and citation omitted); *see also Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006) (because "the relevance of … [destroyed] documents cannot be clearly ascertained because the documents no longer exist," a party "can hardly assert any presumption of irrelevance as to the destroyed documents") (quoting *Alexander v. Nat'l Farmers Org.,* 687 F.2d 1173, 1205 (8th Cir.1982)).

Given the above concerns, and so that Plaintiffs may include Defendants' responses in our reply brief, by **April 15, 2026** please:

1. Produce the requested documents.
2. Confirm that Defendants will not delete any files relevant to their noncompliance with the PI Order and instead segregate and/or quarantine the data files that have been improperly shared.
3. Confirm that Defendants will preserve all other potentially relevant evidence concerning CMS/DHS data sharing.

I am available on Tuesday or Wednesday (after noon EST) for a meet-and-confer as needed.

Anna Rich | Deputy Attorney General
She/her/hers
California Department of Justice
Healthcare Rights & Access Section
1515 Clay St.
Oakland, CA 94612-1499
Office: (510) 879-0296
Anna.Rich@doj.ca.gov