| | |
|---|---|
| **From:** | Dibblee, Christian R (CIV) |
| **To:** | Anna Rich |
| **Cc:** | Shapiro, Elizabeth (CIV); Gerardi, Michael J. (CIV); Kathleen Boergers; Stephanie Yu; Dona, Julie; Ladov, Mark |
| **Subject:** | RE: California v. HHS, Additional Requests Relating to Defendants" Opposition |
| **Date:** | Wednesday, April 15, 2026 6:30:32 PM |
| **Attachments:** | To Plaintiffs - ICE Jan. 6 2026 Ltr to HHS.pdf |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Anna –

Thanks for your email two nights ago. Defendants do not believe that Plaintiffs are entitled at this time to the documents that you currently seek. The declarations are an accurate description of what occurred and of any related communications. Nonetheless, I am attaching to this email the letter sent by ICE to HHS on January 6, 2026, that is referenced in paragraph 19 of the Second Brandt Declaration and paragraphs 5-6 of the Katz Declaration. To be clear, Defendants reserve all rights regarding future discovery, notwithstanding their voluntary disclosure of the attached document.

Regarding your concerns about spoliation, Defendants are currently engaged in efforts to delete from inboxes any emails containing the data files. And although those emails will be deleted from individual inboxes, Defendants are working with their IT departments to ensure that those emails will remain archived such that they can be produced during discovery if necessary. I can also confirm that Defendants will preserve all evidence that is potentially relevant to the data sharing.

Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Tuesday, April 14, 2026 10:21 PM
**To:** Anna Rich <Anna.Rich@doj.ca.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Gerardi, Michael J. (CIV) <Michael.J.Gerardi@usdoj.gov>; Kathleen Boergers <Kathleen.Boergers@doj.ca.gov>; Stephanie Yu <Stephanie.Yu@doj.ca.gov>; Dona, Julie <Julie.Dona@ag.ny.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>
**Subject:** Re: California v. HHS, Additional Requests Relating to Defendants' Opposition

Anna -

I will be back in touch with you tomorrow. Thanks!

Christian

---

**From:** Anna Rich <Anna.Rich@doj.ca.gov>
**Sent:** Tuesday, April 14, 2026 1:06:30 AM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>; Gerardi, Michael J. (CIV) <Michael.J.Gerardi@usdoj.gov>; Kathleen Boergers <Kathleen.Boergers@doj.ca.gov>; Stephanie Yu <Stephanie.Yu@doj.ca.gov>; Dona, Julie <Julie.Dona@ag.ny.gov>; Ladov, Mark <mark.ladov@ag.ny.gov>
**Subject:** [EXTERNAL] California v. HHS, Additional Requests Relating to Defendants' Opposition

Dear Christian—

After being out of the office last week, I was able to review Defendants' opposition brief and supporting declarations today.  While Plaintiffs will address all concerns and requests relating to the motion to enforce in our reply brief on Thursday, we write now to raise two immediate issues so that these could be addressed in advance, as the Court suggested at the CMC.

First, Defendants have attached no exhibits to the Brandt and Katz declarations even though both declarations make explicit reference to, and at times quote directly from, specific emails and documents. These documents and communications are essential evidence, and Plaintiffs should not be forced to litigate with only Defendants' own characterization of these documents. As such, we request that Defendants provide the following via email or other file sharing method to Plaintiffs (note: Plaintiffs do not request any personally identifiable information of Medicaid recipients, and any documents containing PII should be appropriately redacted):

1. The January 6, 2026 communication DHS sent to CMS as referenced in the Second Brandt Decl. ¶ 19 and Katz Decl. ¶¶ 5-6.
2. The January 7, 2026 communication sent to DHS as referenced in the Second Brandt Decl. ¶ 20.
3. The January 9, 2026 communication(s) DHS sent to CMS as referenced in the Second Brandt Decl. ¶ 26 and Katz Decl. ¶ 7.
4. The January 19, 2026 communication CMS sent to DHS as referenced in the Second Brandt Decl. ¶ 32 and Katz Decl. ¶¶ 8, 11.
5. The April 2, 2026 communication(s) referenced in Katz Decl. ¶ 12.
6. Documents or communications related to the statement in the Second Brandt Decl. ¶ 26 ("HHS/CMS understood [DHS's January 9, 2026 request] to indicate that DHS had determined these individuals were not lawfully residing in the United States.").
7. Documents or communications related to the statement in the Second Brandt Decl. ¶ 33 ("After this data was shared, it was identified that approximately 50 entries showed

the individual's status as U.S. citizen or U.S. national.").

8. Documents or communications related to the representations in the Second Brandt Decl. ¶ 34 ("HHS/CMS understands that DHS has deleted both spreadsheets and did not ingest the information from either spreadsheet into their systems.") and the similar representations in the Katz Decl. ¶ 12.

9. Please also identify the names and titles of all individuals  (1) who sent the data requests to CMS, (2) who at CMS received and processed the data requests at CMS, and (3) who received the data files at DHS.

Second, the opposition states that "Immigration and Customs Enforcement (ICE) has deleted all files of data it received as part of these transfers that are stored locally or in cloud-based storage, *and as to one of the transfers ICE is in the process of ensuring that all emails with the data file have been deleted*." Opp. at 2 (emphasis added). As Defendants' statement acknowledges, the documents Defendants are in the process of deleting are directly relevant to the issue of Defendants' compliance with the PI order, which Defendants admit has been violated. Plaintiffs are therefore concerned of the potential for spoliation of evidence. *See United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir.2002) (A party's destruction of evidence qualifies as willful spoliation if the party has "some notice that the documents were *potentially* relevant to the litigation before they were destroyed.") (emphasis added) (internal quotation marks and citation omitted); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (because "the relevance of … [destroyed] documents cannot be clearly ascertained because the documents no longer exist," a party "can hardly assert any presumption of irrelevance as to the destroyed documents") (quoting *Alexander v. Nat'l Farmers Org.,* 687 F.2d 1173, 1205 (8th Cir.1982)).

Given the above concerns, and so that Plaintiffs may include Defendants' responses in our reply brief, by **April 15, 2026** please:

1. Produce the requested documents.
2. Confirm that Defendants will not delete any files relevant to their noncompliance with the PI Order and instead segregate and/or quarantine the data files that have been improperly shared.
3. Confirm that Defendants will preserve all other potentially relevant evidence concerning CMS/DHS data sharing.

I am available on Tuesday or Wednesday (after noon EST) for a meet-and-confer as needed.

Anna Rich | Deputy Attorney General
She/her/hers
California Department of Justice
Healthcare Rights & Access Section
1515 Clay St.

Oakland, CA 94612-1499

Office: (510) 879-0296

Anna.Rich@doj.ca.gov


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, NW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

January 6, 2026

Leslie Nettles
Senior Official for Privacy
Director, Division of Security, Privacy Policy & Oversight
Information Security & Privacy Group
Office of Information Technology
Centers for Medicare & Medicaid Services
Department of Health and Human Services

Re:     Request for Information

Dear Ms. Nettles:

This letter is to request information from the Department of Health and Human Services (HHS), Center for Medicare and Medicaid Services (CMS), in support of U.S. Immigration and Customs Enforcement (ICE) immigration enforcement priorities in accordance with the President's Executive Order 14,159. I am requesting this information pursuant to section (b)(7) of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(7), 8 U.S.C. § 1360(b), 8 U.S.C. § 1373, 6 U.S.C. § 122, and have delegated authority to do so from the ICE Director.

Pursuant to the Court's recent order of December 29, 2025, ICE is requesting HHS to provide Medicaid data from the Plaintiff states[1] in the matter of *State of California et al. v. U.S. Department of Health and Human Services et al.,* No. 3:25-cv-05536 from June 2025 to the present. The Court order permits ICE to request the following information: citizenship and immigration status, phone number, addresses, date of birth, and Medicaid ID of individuals with unsatisfactory immigration status (aliens not lawfully admitted for permanent residence or otherwise permanently residing in the United States under color of law). Should the basic biographical, contact or location information about unlawfully present aliens not be severable from other information that DHS and ICE are not entitled to obtain, HHS or CMS may not share it.

This requested information is necessary to ensure that the primary mission of ICE, to enforce provisions of the Immigration and Naturalization Act and other Federal laws relating to the unlawful presence of aliens in the United States, including using civil enforcement authorities, are met.

---

[1] The Plaintiff States are California, Arizona, Colorado, Connecticut, Delaware, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, Vermont, Washington and Wisconsin.

FOR OFFICIAL USE ONLY

Please let me know if you have any questions.

Sincerely,

Marcos D. Charles
Acting Executive Associate Director
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement

FOR OFFICIAL USE ONLY