BRETT GUTHRIE, KENTUCKY
CHAIRMAN

FRANK PALLONE, JR., NEW JERSEY
RANKING MEMBER

ONE HUNDRED NINETEENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON ENERGY AND COMMERCE
2125 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6115

Majority  (202) 225-3641
Minority  (202) 225-2927

March 24, 2026

Ms. Kimberly Brandt
Chief Operating Officer and Deputy Administrator
Centers for Medicare & Medicaid Services
7500 Security Boulevard
Baltimore, MD 21244

Dear Ms. Brandt:

We write regarding testimony that you provided to the Subcommittee on Oversight and Investigations on March 17 that appears to be false.  You have overseen a campaign of enforcement actions and threats by the Centers for Medicare & Medicaid Services (CMS) against states, beginning with Minnesota, that is putting essential health services at risk and threatening anti-fraud partnerships between states and CMS.  It was essential, then, that your testimony at the March 17 hearing provide real transparency into CMS's actions, which had been entirely lacking up to that point.  Unfortunately, it appears that you not only failed to provide that transparency but also misled Congress.

Witnesses have a legal obligation to provide complete and accurate testimony to the Committee at hearings.[1]  Separate federal statutes prohibit making false statements to the government as well as making a false statement after being sworn in, which you were at the outset of your testimony.[2]

At least one portion of your hearing testimony does not appear to have fulfilled that legal obligation.  During the hearing, you were asked by Ranking Member Clarke:

CLARKE: The state requested a hearing on CMS's decision on January 9th. It is now March 17th, and the CMS has still not scheduled a hearing about these massive cuts. When will the hearing be?  And why has it taken CMS this long to schedule it?[3]

---

[1] 18 U.S.C. § 1001; 18 U.S.C. § 1621.

[2] *Id.*; House Committee on Energy and Commerce, *Hearing on Protecting Patients and Safeguarding Taxpayer Dollars: The Role of CMS in Combatting Medicare and Medicaid Fraud,* 119th Cong. (Mar. 17, 2026).

[3] House Committee on Energy and Commerce, *Hearing on Protecting Patients and Safeguarding Taxpayer Dollars: The Role of CMS in Combatting Medicare and Medicaid Fraud,* 119th Cong. (Mar. 17, 2026).

Ms. Kimberly Brandt
March 24, 2026
Page 2

You responded:

BRANDT: In answer to your question about when the hearing will be, we have been stayed from actually planning the hearing because of subsequent litigation that the state initiated against the agency.[4]

This response did not make sense at the time for multiple reasons.

First, a hearing was requested by Minnesota on January 9.[5]  Litigation did not begin until March 2 when Minnesota filed its lawsuit against CMS.[6]  While your answer mentioned "subsequent litigation," you did not explain why a hearing was not scheduled in the nearly two months between the hearing request of January 9 and Minnesota's filing a lawsuit on March 2.[7]  This was and continues to be particularly concerning as federal regulations provide that a hearing be "scheduled not less than 30 nor more than 60 days after the date of notice to the State," which occurred on January 6.[8]

Second, you stated that "we have been stayed from actually planning the hearing," but your answer did not state *who* had "stayed" CMS from planning or scheduling a hearing.[9]  Despite your answer implying some legal hold on CMS, there was no court order in the litigation that would have prevented a hearing from being scheduled by CMS.  And it is unclear who else could or would have "stayed" CMS from scheduling its own administrative hearing, which is entirely within CMS's own control.

Third, as you pointed out numerous times during the hearing, there are two different actions by CMS at issue.  A determination of Minnesota's noncompliance with section 1902 of the Social Security Act (the Act) was issued by CMS on January 6, pursuant to section 1904 of the Act.[10]  On January 9, Minnesota requested a hearing to address that determination.[11]  Separately, on February 25, CMS announced that it would defer $259 million in federal financial

---

[4] *Id*.

[5] Letter from John Connolly, Deputy Commissioner and Minnesota Medicaid Director, Minnesota Department of Human Services, to Dr. Mehmet Oz, Administrator, Centers for Medicare & Medicaid Services (Jan. 9, 2026).

[6] Complaint for Declaratory and Injunctive Relief (Mar. 2, 2026), *State of Minnesota v. Oz*, D. Minnesota (0:26-cv-01701 ECF No. 1).

[7] *See* note 3.

[8] 42 C.F.R. § 430.72.

[9] *See* note 3.

[10] Letter from Dr. Mehmet Oz, Administrator, Centers for Medicare & Medicaid Services, to Tim Walz, Governor, State of Minnesota (Jan. 6, 2026).

[11] *See* note 5.

Ms. Kimberly Brandt
March 24, 2026
Page 3

participation to Minnesota under a different authority.[12]  On March 2, Minnesota filed a lawsuit challenging that February 25 determination about deferral of funds, but *not* the January 6 determination relating to withholding of funds.[13]

In your testimony, you were able and often eager to differentiate between the two CMS actions when responding to questions from members.  And yet, in your response to Ranking Member Clarke, you appear to have intentionally conflated the two separate issues in order to avoid accurately and completely responding to the question about when a hearing would be scheduled.

For these reasons, the testimony that you provided immediately raised serious concerns in terms of its accuracy and completeness.  But our concern dramatically grew upon reviewing a letter sent by you to Minnesota dated March 19—two days after your hearing testimony.[14]  In that March 19 letter, signed by you personally, you wrote:

> Regarding Minnesota's pending appeal from the January 6, 2026, letter about a potential withholding action related to issues of significant program integrity noncompliance, CMS requests that the hearing be stayed pending complete implementation of the approved CAP, as successful completion would moot the appeal.  The HHS Office of the General Counsel will contact the Office of the Minnesota Attorney General regarding filing a motion for a stay.[15]

This portion of the letter conflicts entirely with the sworn testimony that you provided to the Committee.

At our March 17 hearing, you stated that CMS had "*been* stayed" and yet two days later you wrote to Minnesota requesting that the hearing "*be* stayed."[16]  There is no clear way that these two contradictory statements by you can be reconciled.  And as you provided both the testimony and signed the letter, there can be no excuse of bureaucratic confusion where one official did not know what another official had said or done.  This conflicting testimony and confusion are entirely of your own making.

---

[12] Letter from Dorothy Ferguson, Director of the Division of Financial Operations West, Centers for Medicare & Medicaid Services, to John Connolly, Minnesota Medicaid Director, Minnesota Department of Human Services (Feb. 25, 2026).

[13] *See* note 6.

[14] Letter from Kimberly Brandt, Deputy Administrator and Chief Operating Officer, Centers for Medicare and Medicaid Services, to John Connolly, Minnesota Medicaid Director, Minnesota Department of Human Services (Mar. 19, 2026).

[15] *Id*.

[16] *Id*.; House Committee on Energy and Commerce, Testimony of Kimberly Brandt, Deputy Administrator and Chief Operating Officer, Centers for Medicare and Medicaid Services, *Hearing on Protecting Patients and Safeguarding Taxpayer Dollars: The Role of CMS in Combatting Medicare and Medicaid Fraud,* 119th Cong. (Mar. 17, 2026).

Ms. Kimberly Brandt
March 24, 2026
Page 4

We are providing you with the opportunity to correct and explain this and any other incomplete, misleading, or false testimony that you provided at the March 17 hearing before deciding what other steps are warranted. In addition, because your credibility has been called into question by your actions, you must also provide documents related to your testimony and the March 19 letter to substantiate whatever corrected position you take.

By April 7, please provide complete responses to the following requests:

1. Please clarify the following aspects of the testimony that you provided on March 17:

   a. At the time of your testimony on March 17, who had "stayed" CMS from "planning a hearing?" Please provide the names and titles of the specific individual(s) who had "stayed" CMS and all documents and communications regarding CMS being "stayed."

   b. Why had a hearing not been scheduled between January 9, when one was requested by Minnesota, and March 2, when Minnesota filed a lawsuit against CMS? Please provide all documents and communications between January 6 and March 17 regarding scheduling or not scheduling a hearing for Minnesota regarding the withholding.

   c. What relevance did Minnesota's March 2 lawsuit regarding CMS's February 25 determination to defer payment of certain funds to Minnesota have to CMS's January 6 determination? Please provide all documents and communications regarding the impact of Minnesota's March 2 litigation on CMS's January 6 determination and Minnesota's January 9 request for a hearing regarding the January 6 determination.

2. Please explain the clear discrepancy between your sworn testimony of March 17 that CMS had "been stayed" and the request in your letter to Minnesota two days later that the hearing "be stayed."[17] Please provide all documents and communications regarding this portion of the March 19 letter requesting "that the hearing be stayed," including whether and how that request conflicted with your March 17 testimony.[18]

3. In light of the questions and issues raised above, to the extent that your March 17 response was not accurate and complete at the time of your testimony, please provide a revised answer that completely and accurately answers Ranking Member Clarke's question. In responding to this question, use only the information and facts as they existed at the time of your testimony on March 17. If you do not feel that revising your testimony is necessary, please explain how the answer you provided was accurate.

---

[17] *See* note 3*; See* note 14.

[18] *See* note 14.

Ms. Kimberly Brandt
March 24, 2026
Page 5

If you have any questions about these requests, please contact the Committee Democratic staff at (202) 225-2927.

Sincerely,

Frank Pallone, Jr.
Ranking Member

Yvette Clarke
Ranking Member
Subcommittee on Oversight
and Investigations

cc:    The Honorable Brett Guthrie
Chairman

The Honorable John Joyce
Chairman
Subcommittee on Oversight and Investigations