BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ELIZABETH J. SHAPIRO
Deputy Director
MICHAEL J. GERARDI (D.C. Bar No. 1017949)
Senior Trial Counsel
CHRISTIAN DIBBLEE (D.C. Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-5980
Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br><br>            *Plaintiffs*,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>            *Defendants*. | Case No. 3:25-cv-05536-VC<br><br>**THIRD DECLARATION OF ALBERTO V. BRISENO RE HHS SHARING OF PROHIBITED DATA FILE** |

I, Alberto V. Briseno, declare the following, pursuant to 28 U.S.C. § 1746, and state that under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

I am a Section Chief for Homeland Security Investigations (HSI) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS) and have been with the agency since August 22, 2010.  In my current role, I am assigned to the HSI Cyber and Operational Technology (COT) office. Within COT, I oversee a section of Operational Systems Development and Management (OSDM) responsible for information technology programs and initiatives that directly support HSI's law enforcement mission and develop major advancements in

technology used to combat crime. Under my direction is the HSI Innovation Lab, the agency's centralized hub for developing next-generation technologies.

1. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information maintained and relied upon by DHS in the regular course of business. I make this declaration based on the best of my knowledge as of this day.

2. It is my understanding that on May 7, 2026, ICE issued a Privacy Act (b)(7) letter to the Department of Health and Human Services (HHS), Centers for Medicare & Medicaid Services (CMS), requesting Medicaid data from non-Plaintiff states for aliens with final orders of removal.

3. ICE's May 7, 2026 Privacy Act (b)(7) letter expressly states, in part: "ICE is requesting HHS to provide Medicaid data from those states not enjoined in the matter of *State of California et al. v. U.S. Department of Health and Human Services et al.*, No. 3:25-cv- 05536 (N.D. Cal.), from June 2025 to the present, such as full name, addresses, Social Security Numbers, date of birth, and Medicaid ID of aliens with final orders of removal. ICE will provide HHS with a list of the entire population of aliens with final orders of removal for further filtering by HHS to ensure that the data provided to ICE does not contain information received from Plaintiff States."

4. In response to the May 7, 2026 Privacy Act (b)(7) request, on June 9, 2026, HHS-CMS returned data to ICE by sharing a link to box.com. The link provided access to a folder named "Data Sharing with ICE."

5. I understand that the "Data Sharing with ICE" folder contained three items, including a zipped folder named "DHS Noncitizen.csv.zip". I also came to understand that the "DHS Noncitizen.csv.zip" folder was identified as last updated on April 30, 2026, by HHS and contained a single file: "DHS Noncitizen.csv".

6. On June 10, 2026, Deportation and Detention Officer (DDO) Cardell Smith provided me with access to a box.com folder named "HHS-CMS match for HSI".

7. I downloaded the shared files, which included the "DHS Noncitizen.csv" file, to my assigned ICE Microsoft OneDrive account. It is my understanding that among those who had access to

the box.com link, only DDO Smith and I downloaded the "DHS Noncitizen.csv" file.

8.      While conducting a cursory review of each of the files received, I opened the "DHS Noncitizen.csv" file and noticed it contained many rows of subject information, to include identifying numbers, but it was not apparent that there was any cause for concern, and I closed the file. I took no actions to utilize the data contained in the "DHS Noncitizen.csv" file in any way or share the file. Rather, I focused on performing additional analysis of one of the other files provided, which included decoding the state names, to confirm it did not contain data from Plaintiff states.

9.      On June 22, 2026, the ICE Security Operations Center (SOC) conducted a search of the expanded ICE environment in an effort to locate any additional copies of the January 7, 2026 data file with variations of the file name. During this search, the ICE SOC identified the "DHS Noncitizen.csv" file as potentially containing data from Plaintiff states.

10.     In addition, on further review, information in the box.com link shared by HHS showed that the "DHS Noncitizen.csv" file was last modified on January 7, 2026, raising further concerns that it contained more than the limited data requested by ICE on May 7, 2026.

11.     On June 23, 2026, ICE informed HHS-CMS of its concerns that the "DHS Noncitizen.csv" file may contain data from Plaintiff states and took steps to ensure there was no further use of the file by the ICE users with access to the file.

12.     On June 24, 2026, HHS-CMS confirmed that the "DHS Noncitizen.csv" file contained data from Plaintiff states. I then contacted the ICE SOC and requested that the file be deleted.

13.     On June 25, 2026, the ICE SOC confirmed that the "DHS Noncitizen.csv" file I downloaded was deleted.

14.     ICE never ingested that data set into any ICE system used by officers or agents and has not used the data for any law enforcement purposes.


        Executed on July 7, 2026,


                        By:    /s/ Alberto V. Briseno
                               ALBERTO V. BRISENO

Section Chief at Operational Systems Development and Management