BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ELIZABETH J. SHAPIRO
Deputy Director
MICHAEL J. GERARDI (D.C. Bar No. 1017949)
Senior Trial Counsel
CHRISTIAN DIBBLEE (D.C. Bar No. 90002557)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-5980
Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> *Defendants*. | Case No. 3:25-cv-05536-VC <br><br> **FOURTH DECLARATION OF ALBERTO V. BRISENO RE JUNE 2026 DISCOVERY AND DELETION OF DATA FILES** |

I, Alberto V. Briseno, declare the following, pursuant to 28 U.S.C. § 1746, and state, under penalty of perjury, that the following is true and correct to the best of my knowledge and belief:

I am a Section Chief for Homeland Security Investigations (HSI) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS). I have been with the agency since August 22, 2010. In my current role, I am assigned to the HSI Cyber and Operational Technology (COT) office. Within COT, I oversee a section of Operational Systems Development and Management (OSDM) responsible for information technology programs and initiatives that directly support HSI's law enforcement mission and develop major advancements in technology used to combat

crime. Under my direction is the HSI Innovation Lab, the agency's central hub for developing next-generation technologies.

1. I provide this declaration based on my personal knowledge, belief, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information maintained and relied upon by DHS in the regular course of business. I make this declaration based on the best of my knowledge as of this day.

2. On January 6, 2026, ICE requested from the Centers for Medicare & Medicaid Services (CMS) Medicaid data from the Plaintiff States regarding "individuals with unsatisfactory immigration status (aliens not admitted for permanent residence or otherwise permanently residing in the United States under color of law)."

3. On January 7, 2026, ICE received a list of matches from CMS.

4. On February 20, 2026, ICE restricted access and quarantined the CMS data upon learning that there was disagreement between the parties in this case as to whether some individuals present in the data set potentially fall within the terms of the Court's December 29, 2025, preliminary injunction. ICE never ingested that data set into any ICE system used by officers or agents and has not used the data for any law enforcement operations.

5. To resolve ongoing concerns from Plaintiffs, ICE agreed to delete the data set received on January 7, 2026 (hereinafter "January 7, 2026, file" or "the file").

6. On March 30, 2026, I believed, based on information given to me, that the data file had been deleted and, based on that good faith understanding, reported to the Court via declaration that no other sources of the data were retained within ICE holdings.

7. On May 27, 2026, this Court ordered ICE to produce certain communications and documents related to its segregation and deletion of the data received on January 7. Consistent with that order, ICE began to locate all documents responsive to the Court's order.

8. On May 29, 2026, ICE began collecting and reviewing logs and other communications associated with the January 7, 2026, file. Beginning on May 29, 2026, the Security Operations Center (hereinafter, SOC, or the "ICE SOC") within ICE's Office of the Chief Information Officer (OCIO)

assisted with examining the deletion of the January 7, 2026, file. ICE OCIO provides information technology services and products for the ICE enterprise. ICE OCIO personnel have elevated access and roles and can provide services beyond those available to Homeland Security Investigations, Cyber and Operational Technology, Operational Systems Development, and Management personnel.

9. As part of this review, on May 29, 2026, the ICE SOC conducted a search for any related files stored separately in Amazon Web Services (AWS) S3. Details of the discovery of the January 7, 2026, file in the AWS S3 Production environment bucket and subsequent deletion were described in my updated declaration (ECF 172).

10. On June 12, 2026, ICE received a set of 16 interrogatories from Plaintiffs seeking further information on the deletion of the January 7, 2026, and January 19, 2026, data. Because several interrogatories related to technical information about the deletion of these two files, these questions were shared with HSI, Enforcement and Removal Operations (ERO), and the ICE SOC for their input.

11. I requested that the ICE SOC expand their search to a broader timeframe and include all ICE hosts, whereas the original request was to identify the deletion activity within AWS/Databricks, as explained more fully below.

12. On June 15, 2026, ICE SOC searched a broader ICE environment, including various services, databases, cloud storage, servers, and any other technology ICE operates, for the January 7, 2026, file. In addition, to complete searches in a timely manner, timeframes are generally included in the searches (such as the previous 30 and 90 days, or between two specific dates). The original request was limited to searching for activity between two specific dates—March 27, 2026, and May 29, 2026—as those were the known deletion dates. The June 15, 2026, search expanded the search to six months (the maximum allowable time).

13. On June 17, 2026, the ICE SOC conducted a sweep of the environment for the January 7, 2026, file. The term "sweep" refers to using security tools to search a broader environment for a particular file.

*ICE's Deletion Efforts for Additional Copies of the Data File*

14. On June 17, 2026, while searching for the January 7, 2026, file by name, the SOC

identified a copy of it within Office 365 (O365) logs. These logs are associated with Microsoft products (e.g., Outlook, Teams, OneDrive).

15.    Thereafter, the ICE SOC engaged with another ICE OCIO team, the ICE Collaboration Core team, to identify and remove the files. The ICE Collaboration Core have O365 "Administrator" functions, which includes the ability to search, delete files, and document those actions.

16.    On June 17, 2026, the ICE SOC completed an O365 search for the file name and determined that the file remained located within two users' storage. The logs showed that six users had a copy of the file and only one of the users had downloaded the file.

17.    On June 18, 2026, the ICE SOC and the Collaboration Core team confirmed that the file was deleted from two users' Microsoft Teams storage. Then the SOC ensured the file was deleted from both the OneDrive recycle bin and from the regular recycle bin.

18.    Regarding the user identified in the O365 log as having downloaded the file, the ICE SOC searched that user's files and did not locate the file.

19.    Regarding the remaining four users, the ICE SOC ensured that the file was deleted from both the OneDrive recycle bin and from the regular recycling bin. Thereafter, the ICE SOC performed enterprise-wide searches for both the file name and the unique file hash of the file. A file hash is a unique string of letters and numbers created by running a file's data through a special formula called a "hash function." The resulting file hash can be thought of as a digital fingerprint for the file. However, the file hash will change if any piece of the file is changed. No other copies of the file were identified via these searches.

*ICE's Deletion Efforts for File Name Variations:*

20.    Previous efforts to delete the January 7, 2026, file, focused on the file name: "DHS Noncitizen_approved_schema_v2.csv." This file was the primary focus as it was the name of the file loaded into Databricks and used as the source for data engineering activities. Accordingly, all deletion actions until this point were directed at the file name "DHS Noncitizen_approved_schema_v2.csv."

21.    On June 22, 2026, I asked the ICE SOC to expand their search for any variation of a file name beginning with "DHS noncitizen." The ICE SOC performed enterprise searches and located the

following file name variations in the O365 logs:

- DHS Noncitizen.xlsx

- DHS Noncitizen.csv

- DHS Noncitizen 1.csv

- DHS Noncitizen_approved_schema.csv

- DHS Noncitizen_approved_schema_v2.csv

- DHS Noncitizen_approved_schema_v2 1.csv

22.    The ICE SOC was able to locate files named "DHS Noncitizen.xlsx," "DHS Noncitizen.csv," "DHS Noncitizen 1.csv," and "DHS Noncitizen_approved_schema_v2.csv," and it took steps to delete them. For the remaining file names, the ICE SOC determined those files no longer existed and therefore did not require deletion. Further, the ICE SOC could not determine whether these files ever contained any information from Plaintiff States.

23.    ICE never ingested the data contained in the January 7, 2026, file into any ICE system used by officers or agents and has not used the data for any law enforcement operations.

24.    Although I am not aware of any additional copies or versions of the January 7, 2026, file in existence as of the date of this declaration, the searches undertaken with regard to the January 7, 2026, file have highlighted technological difficulties of making a representation that every possible variation of the file has been searched for and located. ICE's searches cannot capture the existence of all files where file names have changed, and even a single modification to the content of a file will impact ICE's ability to locate it. ICE will continue to make good faith efforts to delete any copies that may be found in the future. If ICE locates any additional versions of the January 7, 2026, file, it will immediately quarantine such files and delete them per ICE's processes discussed in this declaration.

Executed on July 8, 2026.

By:    _/s/ Alberto v. Briseno_
ALBERTO V. BRISENO
Section Chief at Operational Systems Development and Management