# Rich Decl.

# Ex. 4

**From:** Dibblee, Christian R (CIV)
**To:** Ladov, Mark; Anna Rich
**Cc:** Katherine Milton; Stephanie Yu; Shapiro, Elizabeth (CIV)
**Subject:** California v. HHS ROG 8
**Date:** Friday, October 23, 2026 8:00:48 PM

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Counsel:

Please find below Defendants' proffer in response to Plaintiffs' request for clarification as to ROG 8.

In previous correspondence, you asked Defendants to supplement their response to ROG 8. Your email noted that some term in that response is undefined, though the exact term Plaintiffs want defined is unclear. *See* Sep. 25 Email from A. Rich to C. Dibblee. You also noted that the response is unclear about "Palantir's use of the data for other purposes or in other ways." *Id.* Accordingly, you requested "a sworn declaration from someone with knowledge of the data transfer defining that term, and clarifying whether Palantir has ever ingested or in any other way used any of the data contained within the files shared by CMS with DHS." *Id.* Defendants subsequently offered to provide information in response to this request via email between counsel, *see* Oct. 19 Email from C. Dibblee to A. Rich, and Plaintiffs agreed, without waiving any rights as to subsequent steps, *see* Oct. 20 Email from M. Ladov to C. Dibblee.

Defendants restate and reiterate their objections to ROG 8, and their response below should not be construed as a waiver of those objections. In particular, Defendants believe that Plaintiffs seek information that is beyond the scope of authorized discovery. The Court authorized Plaintiffs to seek discovery into "[m]aterials supporting the statements of" Albert Briseno and Evan Katz that the data files transferred on January 7 and January 19 were "quarantined or deleted and no other sources or derived versions of the data were retained, and no data was shared with any other enforcement database." ECF No. 167 at 3. How agency personnel, including contractors, used the data is irrelevant to whether DHS quarantined and deleted the data in question. Similarly, section 2.g.ii of Plaintiffs' proposed scope of discovery asks for "records confirming" that DHS did not create certain documents or results based on the data in question. *Id.* That request does not seek information on every use of the data, as ROG 8 and Plaintiffs' follow-up request does. The Court therefore did not order discovery into every use of the data in question, if any.

Subject to the foregoing, Defendants provide the following information. As Defendants' have consistently maintained, ICE did not ingest the data contained in the January 7 file into any ICE system used by officers or agents and has not used the data for any law enforcement purposes. ICE directed contractors on February 24, 2026, to delete the January 7 HHS data while authorizing one person from the contractor team to maintain a copy of the data, so long as that person's identity was documented. Upon further inquiry, DHS confirms that contractor did not use the January 7 data for immigration enforcement purposes before it was subsequently deleted. Defendants use the term "immigration enforcement purposes" in the same manner as in Defendants' Motion to Clarify, ECF No. 173 at 10.
As noted in my email of October 19, Defendants do not anticipate providing any further information than the above.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Dibblee, Christian R (CIV)
**Sent:** Wednesday, October 21, 2026 12:05 PM
**To:** 'Ladov, Mark' <Mark.Ladov@ag.ny.gov>; 'Anna Rich' <Anna.Rich@doj.ca.gov>
**Cc:** 'Katherine Milton' <Katherine.Milton@doj.ca.gov>; 'Stephanie Yu' <Stephanie.Yu@doj.ca.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. HHS - Defendants' Proposal for ROG 8 Answer

Mark – slight amendment to what I originally said. Defendants will provide the proffer on Friday, not Thursday, of this week. Thanks.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Dibblee, Christian R (CIV)
**Sent:** Tuesday, October 20, 2026 11:11 AM
**To:** 'Ladov, Mark' <Mark.Ladov@ag.ny.gov>; Anna Rich <Anna.Rich@doj.ca.gov>
**Cc:** Katherine Milton <Katherine.Milton@doj.ca.gov>; Stephanie Yu <Stephanie.Yu@doj.ca.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** RE: California v. HHS - Defendants' Proposal for ROG 8 Answer

Received, Mark. Thanks.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Ladov, Mark <Mark.Ladov@ag.ny.gov>
**Sent:** Tuesday, October 20, 2026 11:10 AM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>; Anna Rich <Anna.Rich@doj.ca.gov>
**Cc:** Katherine Milton <Katherine.Milton@doj.ca.gov>; Stephanie Yu <Stephanie.Yu@doj.ca.gov>;

Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** [EXTERNAL] RE: California v. HHS - Defendants' Proposal for ROG 8 Answer

Christian,

Without waiving any rights as to subsequent steps, Plaintiffs agree to accept an attorney proffer in lieu of a sworn statement from Defendants, if that is what your clients are willing to provide in response to our requests for clarification.

Anna is traveling today, but I'll be available if you need anything else from our team before she's back online.

Regards,
Mark

**Mark Ladov**
**Special Counsel**
New York State Office of the Attorney General
28 Liberty Street | New York, New York 10005
Office: (212) 416-8240
Cell: (347) 814-9434
Email: mark.ladov@ag.ny.gov

---

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Monday, October 19, 2026 9:13 PM
**To:** Anna Rich <Anna.Rich@doj.ca.gov>
**Cc:** Ladov, Mark <Mark.Ladov@ag.ny.gov>; Katherine Milton <Katherine.Milton@doj.ca.gov>; Stephanie Yu <Stephanie.Yu@doj.ca.gov>; Shapiro, Elizabeth (CIV) <Elizabeth.Shapiro@usdoj.gov>
**Subject:** California v. HHS - Defendants' Proposal for ROG 8 Answer

**[EXTERNAL]**

Anna:

Regarding Plaintiffs' request for a further response to ROG 8, Defendants believe that Plaintiffs are requesting information that is beyond the scope of the Court's discovery order. In light of that and Defendants' previous supplementary responses, Defendants are willing to provide further information about the January 7 data along the lines you requested, but not in the form of a sworn declaration or verified interrogatory response. This additional information would be provided through email between counsel.

If you agree to this procedure, Defendants will provide the information by October 22, 2026. Please note that Defendants do not anticipate further supplementing their discovery responses after this. Nor do Defendants anticipate providing any further clarification as to ROG 8

beyond the information they will provide via email should Plaintiffs agree to the procedure proposed above.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.