ROB BONTA
Attorney General of California
NELI PALMA
Senior Assistant Attorney General
KATHLEEN BOERGERS
ANNA RICH
Supervising Deputy Attorneys General
KATHERINE MILTON
KEVIN G. REYES
STEPHANIE T. YU
WILLIAM BELLAMY
Deputy Attorneys General
State Bar No. 347029
1300 I Street
Sacramento, CA 95816
Telephone: (916) 210-6086
E-mail: William.Bellamy@doj.ca.gov
*Attorneys for Plaintiff State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**STATE OF CALIFORNIA; STATE OF ARIZONA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR EX REL. ANDY BESHEAR,** in his official capacity as Governor of the Commonwealth of Kentucky; **STATE OF MAINE; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN,**

Plaintiffs,

**v.**

**U.S. DEP'T OF HEALTH AND HUMAN SERVICES**; **ROBERT F. KENNEDY JR.,** in his official capacity as Secretary of Health and Human Services; **U.S. DEP'T OF HOMELAND SECURITY; MARKWAYNE MULLIN,** in his official capacity as Secretary of Homeland Security,

Defendants.

3:25-cv-05536-VC

**[PROPOSED] ORDER ON DEFENDANTS' SECOND MOTION TO CLARIFY THE PRELIMINARY INJUNCTION**

THIS MATTER came before the Court on Defendants' second motion to clarify the preliminary injunction.

Having considered Defendants' motion, Plaintiffs' response, Defendants' reply, and the arguments of the parties, if any, as well as the prior papers in this litigation, the Court hereby ORDERS that:

1. While this litigation is pending, HHS and CMS are preliminarily enjoined from sharing with DHS or ICE any information received from the Plaintiff States pursuant to HHS's administration of any Federal Healthcare Program, unless that data (1) is from the Medicaid program, (2) pertains only to aliens who are not lawfully residing in the United States, and (3) divulges only those aliens' citizenship and immigration status, address, phone number, date of birth, and Medicaid ID. To the extent that such basic biographical, contact, or location information is not severable from other information that DHS and ICE are not entitled to obtain (e.g., information about lawful permanent residents or citizens, other health records), HHS and CMS may not share it.

2. For the purposes of this order, "aliens who are not lawfully residing in the United States" shall be defined as:

   a. Noncitizens subject to a final order of removal that has not been stayed, withheld or deferred;

   b. Noncitizens who entered the country without permission and who have never applied for or received permission to be present in the country; or

   c. Noncitizens whose applications for permission to be present in the country have received final administrative denials, following exhaustion and expiration of available administrative review.

3. Defendants remain enjoined from sharing Federal Healthcare Program data concerning the following categories of people:

   a. United States citizens;

   b. Lawful permanent residents;

c. Individuals with valid, unexpired visas and other holders of valid, unexpired nonimmigrant status;

d. Asylees, refugees and individuals whose removal has been withheld or deferred under the Immigration and Nationality Act (INA) or the Convention Against Torture (CAT);

e. Any other individual who satisfies the definition of "lawfully present" set forth at 8 C.F.R. § 1.3(a), including but not limited to individuals with Temporary Protected Status, DACA recipients and others with "deferred action" status, and applicants for asylum under Section 208(a) of the Act;

f. Any individual who does not fall into one of the "not lawfully residing" categories listed in Paragraph 2.

4. For the purposes of this order, a Federal Healthcare Program is defined to include any federally-funded healthcare benefits or services, including but not limited to: Medicaid; qualified health plans offered on a Health Insurance Marketplace or through an insurance affordability program (*i.e.*, premium tax credits, cost sharing reductions, Medicaid, Children's Health Insurance Program, or Basic Health Program); Medicare; family planning services; and the Vaccines for Children program.

5. Should Defendants wish to share data from other programs, they must seek a modification of this ruling before DHS or ICE may obtain such information from HHS or CMS.

6. To ensure compliance with this Order, Defendants will not request Federal Healthcare Program data on any individual unless Defendants possess written confirmation that the individual fits within one of the categories defined by Paragraph 2 (and is not in a category defined by Paragraph 3). Defendants will provide that written confirmation to the Court for in camera review upon request by the Court or by Plaintiffs.

7. The preliminary injunction order extends to federal contractors including, but not limited to, Palantir Technologies Inc. ("Palantir") and any parent, affiliate, sister, subsidiary, predecessor, successor or assignee of Palantir. *See* Fed R. Civ. P. 65(d).

DATED this ______ day of __________ 2026.

______________________________________
THE HONORABLE VINCE CHHABRIA
United States District Court Judge